(108 So. 342)

### INDEMNITY INS. CO. OF NORTH AMERICA v. GARDNER.
### (3 Div. 755.)

(Supreme Court of Alabama. April 8, 1926. Rehearing Denied May 13, 1926.)

I. Insurance ⬅⟶595—Insurer's offer to exchange new car for insured's damaged automobile held not to constitute plea in confession and avoidance in action on policy; "replace."

Insurer's offer to exchange new car for insured's damaged automobile *held* not to constitute plea in confession and avoidance in action on policy, since its stipulated right to "replace" means to repair or restore where insured car is merely damaged and not to exchange.

2. Appeal and error ⬅⟶1042(1)—In action on insurance policy for damages to automobile, insurer held not prejudiced by elimination of plea that it had offered to furnish new car instead of paying on policy.

In action on insurance policy for damages to automobile, insurer *held* not prejudiced by elimination of plea that it had offered to furnish new car instead of paying on policy, since such plea is available as defense only in case of total destruction of insured car.

3. Insurance ⬅⟶668(10)—Where uncontroverted evidence established injury to insured automobile as result of collision covered by policy, trial court did not err in giving general charge for plaintiff, leaving amount of damages to jury.

Where uncontroverted evidence in action on insurance policy established injury to insured automobile as result of collision covered by policy, trial court did not err in giving general charge for plaintiff leaving amount of damages to jury.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by H. H. Gardner against the Indemnity Insurance Company of North America. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint is as follows:

"The plaintiff, H. H. Gardner, claims of the defendant, the Indemnity Insurance Company of North America, a corporation, $2,500 the value of a Franklin automobile which the defendant, on the 28th day of August, 1924, insured against loss or injury by collision and other perils in the policy of insurance mentioned, for the term of 12 months, which automobile was damaged by collision on, to wit, the 31st day of July, 1925, of which the defendant has had notice."

Defendant's plea 2 is as follows:

"(2) The policy upon which this suit is brought provides, in part, that the defendant may replace the automobile, and the defendant avers that, before the institution of this suit, it offered to the plaintiff to take the plaintiff's said automobile and replace it with a new automobile of like kind, model, and character as the plaintiff's automobile, and that the plaintiff refused to accept said offer, and the defendant avers that it is still ready and willing and able to carry out said offer and always has been."

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

It was error to sustain demurrer to plea 2. Ledyard v. Manning, 1 Ala. 153; 6 R. C. L. 949; 13 C. J. 647, 662; 26 C. J., 448. It was error to give the affirmative charge for plaintiff. St. Paul Ins. Co. v. American Comp. Co., 211 Ala. 593, 100 So. 904, 35 A. L. R. 1018; Interstate Cas. Co. v. Stewart, 208 Ala. 377, 94 So. 345, 26 A. L. R. 427; Continental Cas. Co. v. Paul, 209 Ala. 166, 95 So. 814, 30 A. L. R. 802.

Chilton & McCoy, of Montgomery, for appellee.

Plea 2 was bad. Code 1923, § 9473; N., C. & St. L. R. Co. v. Parker, 123 Ala. 683, 27 So. 323; Thomas v. Irvine, 171 Ala. 332, 55 So. 109. But, if there was error in sustaining demurrer to said plea, it was without injury. Miller v. Mutual Gro. Co. ante, p. 62, 106 So. 396; Copeland v. Union Nursery Co., 187 Ala. 148, 65 So. 834. There was no error in giving the affirmative charge for plaintiff. St. Paul Ins. Co. v. American Comp. Co., 211 Ala. 593, 100 So. 904, 35 A. L. R. 1018.

ANDERSON, C. J. [1] The complaint is upon an insurance policy, and the amount claimed is for the damages to the plaintiff's car on account of a collision and not the total value of same for a destruction thereof.

---

⬅⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Therefore, in construing the defendant's plea 2, we must do so in connection with the averments of the complaint. This plea is not a denial of the plaintiff's cause of action, but is no doubt intended as one in confession and avoidance, and, in determining whether it states a lawful avoidance, depends on the meaning of the word "replace" as used in the policy. We do not think that the word "replace" as used means the right to exchange cars or to substitute a new one for the old one, especially when the claim is damages for an injury as distinguished from a claim for a total destruction. In other words, the right to replace does not mean a right to exchange cars, notwithstanding such a thing may have been fair and more advantageous to the plaintiff. "Replace" or "replacement" does not ordinarily mean the right to exchange or substitute, but, when used in connection with the policy involved, means repair or restore. Leeds & Catlin v. Victor Talking Machine Co., 213 U. S. 325, 29 S. Ct. 503, 53 L. Ed. 816, and cases there cited.

[2] Plea 2 is unquestionably bad, but it is doubtful as to whether or not the grounds of demurrer interposed thereto properly pointed out the defect. We think, however, that the record discloses that the defendant was not injured by the elimination of its plea 2. The policy was introduced in evidence, and discloses that said plea could not have possibly been proven, as there is nothing in the policy which would permit or allow the defendant to give plaintiff another car in exchange for the old one. The policy provides an indemnity caused by a collision "against actual loss or damage by reason of such injury or destruction not exceeding the actual cost of suitable repair or replacement or actual value at the time of the accident." The plea, in effect, places a legal construction on the word "replace" as authorizing the defendant to give the plaintiff another car and take the old one, when, as matter of law, the policy is not susceptible of any such construction, and the defendant could not therefore, under any circumstances, establish said plea. Rasco v. Jefferson, 142 Ala. 705, 38 So. 246.

[3] The uncontroverted evidence established an injury to the automobile as the result of such a collision as was covered by the policy, and the trial court did not err in giving the general charge for the plaintiff, leaving the amount of damages to the jury. St. Paul Co. v. American Co., 211 Ala. 593, 100 So. 904, 35 A. L. R. 1018.

The trial court committed no reversible error in ruling upon the evidence, and the judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.