(110 So. 283)

### HERALDS OF LIBERTY v. COLLINS.

(3 Div. 772.)

(Supreme Court of Alabama.    Nov. 4, 1926.)

**1. Insurance ☞815(2).**

Plea, in action on benefit certificate, alleging that insured warranted that he was not suffering from named ailments, was insufficient where it did not allege that ailments increased the risk of loss.

**2. Appeal and error ☞1040(6)—Error, if any, in holding plea, alleging that a warranty by assured in insurance application was false, insufficient, held harmless where policy provided that all statements should be deemed representations.**

Had there been error in holding plea alleging that assured had falsely warranted, in application for insurance, that he had never suffered from diseases of heart, blood vessels or lungs, insufficient, it was not reversible error since policy provided that statements, in absence of fraud, should be deemed representations and not warranties.

**3. Insurance ☞815(2)—Pleas that deceased had made misrepresentations as to health, in application, but which failed to aver that they were relied on as true, were insufficient.**

Pleas alleging that deceased had represented, in application, that he was free from all disease and that he had not consulted a physician, when, in fact, he had consulted a physician and had heart disease and had notice that he had an enlarged heart, which increased the risk, but which did not aver that statements were relied upon as true, were insufficient.

**4. Appeal and error ☞1040(7).**

Error in sustaining plea is harmless where defendant had advantage of matter pleaded by other pleas.

**5. Evidence ☞506—Sustaining objections to questions whether weak heart was material to risk in insurance as calling for conclusions on matter directly in issue held proper.**

Sustaining objections, in action on insurance policy, to questions to insurance men whether a weak heart would be material to risk in life insurance *held* proper, since they called for conclusions on matter directly in issue.

**6. Evidence ☞547—Where doctor had testified that assured had heart lesion, objection to question whether it was material to life insurance risk held properly sustained.**

Where doctor had testified for insurance company that assured had heart lesion at time of application, question "Isn't it a fact or isn't it a condition material to a life insurance risk?" was not complete, and objection thereto was properly sustained.

**7. Witnesses ☞380(5)—Defendant could not impeach his own witness by asking another of his witnesses if first witness had not made certain statements which he had denied.**

Where defendant's witness had denied that another doctor had informed assured that he had heart trouble in presence of witness, evidence of M., another witness for defendant, that witness had told M. that it was his impression that assured had been informed, *held* not competent as tending to impeach first witness, since that witness was introduced by defendant.

**8. Insurance ☞825(2).**

Whether deceased had heart trouble which materially increased risk and whether he made false statements, in application, which were intended to and did deceive defendant, *held* for jury.

**9. Trial ☞194(11).**

Requested instructions that it was immaterial whether assured's heart trouble increased risk, or whether representations in application were made with intent to and did deceive insurer, *held* properly refused, as invading province of jury.

**10. Insurance ☞253.**

To establish defense of "fraud" to action on insurance policy, it must be shown (1) that statements were false and made with intent to deceive, (2) that they related to matters materially affecting risk, and (3) that insurer relied on them.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fraud.]

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action on a policy or certificate of life insurance by Katie Collins against the Heralds of Liberty. From a judgment for plaintiff, defendant appeals. Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Plea 2 sets up that the insured made an application in which he warranted that he had never suffered from any ailments or disease of the heart, blood vessels or lungs, which statement was false, in that he had been for some time and was then suffering from an ailment or disease of the heart.

Plea 3 sets up the same application in which the insured said he was free from all disease, except as stated in his application and medical examination, which application provided that the statement should be material to the risk and relied upon by the defendant and that untrue answers or suppression of facts regarding the health should render the insurance null and void. The plea then states that, when the insured declared he was in good health and free from all diseases, he was suffering from a disease of the heart which was not stated in the application or medical examination.

Plea 4 sets up the application and medical examination in which was contained the question as to whether he had consulted a physician, to which he replied in the negative, and the plea states that the answer was false because then and for a long time before he had been suffering from a disease of the heart.

Plea 5 adopts plea 4 and says that the assured had consulted a physician shortly before the application for a disease of the heart, which fact he had concealed.

Plea 6 adopts plea 3 and adds to it the averment that the assured had notice, at the time he made the answers, that he had a greatly enlarged heart, which jeopardized his health, and was material to and increased the risk.

Plea 7 adopts plea 4 and charges that the assured had notice, when he made his answers, that he had a greatly enlarged heart which jeopardized his health and the statements were material to and increased the risk.

Plea 8 adopts plea 5 and adds thereto that the assured has notice of the condition of his heart, which jeopardized his health, and that the statements were material to and increased the risk.

Pleas 9, 10, and 11 adopt pleas 6, 7, and 8 and add thereto the averment that the statements were made by the assured with intent to deceive the defendant.

Defendant's witness Rivers was asked by defendant:

"From your experience as an insurance man, state whether or not the fact, if it be a fact, that an applicant, at the time he applied for insurance, had a weak heart would be material to the risk in your business?"

The court sustained plaintiff's objection thereto. The defendant asked the same witness:

"Do you know whether the fact that an applicant had a weak heart at the time he ap-plied would be, in the conduct of life insurance of an organization like this, material to the risk?"

The court also sustained objection to this question.

Defendant asked the witness W. H. Gordon:

"Based on your experience of 20 years in the life insurance business, would the company ever pass a man who had heart trouble for insurance?"

Objection was sustained by the court.

Defendant's witness Blue testifed to making a certain examination of the assured wherein he found assured to have a heart lesion. The witness also testified that such a lesion, while a serious condition, would not necessarily shorten a man's life. Thereupon the witness was asked the question, "Isn't it a fact or isn't it a condition material to a life insurance risk?" to which plaintiff's objection was sustained.

This witness further testified that a Dr. Garner was in his office when an examination was made of the assured; that witness and Garner conversed about the matter and that witness suggested to Garner—chief surgeon for the assured's employer—that assured be pensioned.

Witness was asked if Dr. Garner did not, in presence of witness, tell assured that he had a serious heart trouble, to which witness replied in the negative. He was then asked if he had told one Meader that assured was so informed in his presence, and answered, in effect, that he stated to Meader that it was his impression, from a conversation with Dr. Garner, that Dr. Garner had informed assured of his condition while the two latter were in one of witness' office rooms, and in the absence of witness.

Thereafter defendant's witness Meader was asked if witness Dr. Blue had not stated to him that assured was informed of his condition and advised to stop work. To this question plaintiff objected, and the court sustained the objection.

Charge 16, refused to defendant, to which refused charge 17 is similar, is as follows:

"(16) The court charges the jury that the question of whether or not an applicant for insurance has heart trouble, or trouble of the kind testified to in this case, is one that is material to the risk."

Refused charge 10—to the same effect as refused charges 2, 5, 6, 9, 12, 13, and 18—is as follows:

"(10) The court charges the jury that, if they find from the evidence that the statement of J. W. Collins that he had never had heart trouble was not true, they cannot find for the plaintiff."

Refused charge 8—illustrative of refused charges 11, 14, 15, and 19—is as follows:

"(8) The court charges the jury if the said Joseph W. Collins knew, at the time he applied for and was examined for said insurance, that he had heart trouble, the failure to disclose that fact was a suppression of a material fact and constituted a fraud on the defendant, which will render the policy void."

Henry C. Meader and Ball & Ball, all of Montgomery, for appellant.

Counsel discuss the questions raised and treated, but without citation of authorities.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

Defendant's pleas were defective in failing to aver misrepresentations fraudulently made and relied upon. Ala. Gold L. I. Co. v. Johnston, 80 Ala. 467, 2 So. 125, 59 Am. Rep. 816; Code 1923, § 8364; Empire L. I. Co. v. Gee, 171 Ala. 435, 55 So. 166; Travelers' Ins. Co. v. Whitman, 202 Ala. 391, 80 So. 470; Mass. Mutual Life Ins. Co. v. Crenshaw, 195 Ala. 263, 70 So. 768. Objection is properly sustained to a question calling for a conclusion upon a matter directly in issue. American Nat. Ins. Co. v. Rosebrough, 207 Ala. 538, 93 So. 502. A party cannot impeach his own witness. Ala. Power Co. v. Hall, 212 Ala. 638, 103 So. 867. Whether heart trouble increased the risk was for the jury. Empire L. I. Co. v. Gee, supra.

THOMAS, J. The suit is on a certificate of a fraternal benefit association.

The distinction between misrepresentations and warranties in insurance contracts has been defined and need not be repeated. For discussions of phases thereof, under the former statutes, see Alabama Gold Life Ins. Co. v. Johnston, 80 Ala. 467, 2 So. 125, 59 Am. Rep. 816; Mutual Life Ins. Co. v. Allen, 174 Ala. 511, 56 So. 568; Metropolitan Life Ins. Co. v. Goodman, 196 Ala. 304, 71 So. 409; Massachusetts Mutual Life Ins. Co. v. Crenshaw, 195 Ala. 263, 70 So. 768; Empire Life Ins. Co. v. Gee, 171 Ala. 435, 55 So. 166. And the statute, as amended, putting fraternal benefit associations, in matters of misrepresentations and warranties, on the same footing as old life insurance, was considered in Brotherhood of Railway & S. C., etc., v. Riggins, 214 Ala. 79, 107 So. 44 (preserving the declared distinction between warranties and a mere representation, and declaring the old and new statute of like effect to both classes of insurance); Sovereign Camp v. Hutchinson, 214 Ala. 540, 108 So. 520 (when the misrepresentations were in the form of warranties); Code of 1923, §§ 8049, 8364, 8507.

[1] Applying the tests of the rule to the pleas, they are insufficient in averments as setting up mere misrepresentations in applications for insurance. Plea 2 uses the word "warranted" without averring that the general ailment stated increased the risk of loss to the insurer. This is aside from the fact that the policy declared upon and in evidence contained the provision:

"All statements made by the member shall, in the absence of fraud, be deemed representations and not warranties, and no such statement shall avoid this certificate or be used in defense of a claim hereunder, unless it is contained in the written application for membership and the medical examination, both of which constitute a part of this contract."

[2] Had there been error in the ruling on the demurrer to plea 2, it could not have been reversible error under the express declarations of the policy, and therefore that ruling would have been without injury. Indemnity Ins. Co. of North America v. Gardner, 214 Ala. 528, 529, 108 So. 342.

[3] Pleas 3, 4, 5, 6, 7, and 8 were based on misrepresentations merely (not warranties) and failed to aver that the misrepresentations pleaded were not only false and material, but that they were relied upon as true by the defendant. Sovereign Camp v. Hutchinson, 214 Ala. 540, 543, 108 So. 520. This was a defect in pleas 3, 4, 5, and 6 that justified the ruling of the trial court.

[4, 5] Pleas 7 and 8 averred of a misrepresentation of material facts, and defendant's reliance thereupon, that "assured had notice" of the falsity of the statement when made, and that the matter was material to and increased the risk. If it be said the words "had notice" were the equivalent of the averment of fact showing an actual intent to deceive with a knowledge of the falsity of the fact, and that defendant relied thereupon, there was no reversible error committed. The same matter sought to be pleaded in Nos. 6, 7, and 8 was set up in pleas 9, 10, and 11, and the conclusion thereof is the averment that said false statements were made by the assured with the intent to deceive the defendant, and that it relied thereupon in issuing the policy.

The questions to the witnesses Rivers and Gordon called for conclusions on a matter directly in issue. Amer. Nat. Ins. Co. v. Rosebrough, 207 Ala. 538, 93 So. 502; Weller & Co. v. Camp, 169 Ala. 275, 52 So. 929, 28 L. R. A. (N. S.) 1106.

[6] There was no error in sustaining objection to the question to Dr. Blue:

"Isn't it a fact or isn't it a condition material to a life insurance risk?"

[7] The question is not complete. However, the witness did testify that most life insurance companies considered a disease of the heart a poor risk. The further question calling for Garner's conversation to Blue, in the absence of the assured, was properly excluded. However, the same matter was in evidence, and the evidence of Meader, sought as to the same matter, was properly excluded. It was not competent as tending to impeach Blue, since that witness was introduced by the defendant. Ala. Power Co. v. Hall, 212 Ala. 638, 642, 103 So. 867.

[8] The questions of fact of whether the deceased had a heart trouble when the insurance issued, if so, whether it was intrinsically material and increased the risk, and whether the alleged false statements were made with the intent to deceive, and that the defendant was so deceived to its prejudice were for the jury. All affirmative instructions sought were properly refused. This is illustrated by refused charges 16 and 17, requested by the defendant.

[9] It could not be said under the evidence as a matter of law, that heart trouble is material to the risk. The same defect infected refused charges 2, 5, 6, 9, 10, 12, 13, and 18. They sought to instruct that it was immaterial whether the heart trouble increased the risk of loss, or whether the mere representations were made with intent and did deceive the defendant. Requested charges 8, 11, 14, 15 and 19 were properly refused.

The distinction between pleas of fraud in the procurement of a policy of insurance and a breach of warranty is indicated in Empire Life Ins. Co. v. Gee, 171 Ala. 435, 441, 55 So. 166, and Brotherhood v. Riggins, 214 Ala. 79, 107 So. 44.

[10] Where fraudulent representations are pleaded in defense to recovery on a policy of insurance, it must be shown (1) that the statements were false when made and were with intent to deceive, (2) that they related to matters intrinsically material to and affected the risk, and (3) that the insurer relied on them. Empire Life Ins. Co. v. Gee, 171 Ala. 435, 439, 55 So. 166.

We will say of refused charges 3, 7, and 20, whether good or bad, they were each covered by given charge 4 and the oral charge.

We find no reversible error, and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.