(130 So. 797)

## SOVEREIGN CAMP W. O. W. v. PADGETT.
### 7 Div. 927.

Supreme Court of Alabama.
Oct. 16, 1930.

Rehearing Denied Nov. 28, 1930.

Pruet & Glass, of Ashland, for appellant.

Walter S. Smith, of Birmingham, for appellee.

94

**SAYRE, J.**

When this cause was here on a former appeal (Padgett v. Sovereign Camp, etc., 218 Ala. 255, 118 So. 456), it was held that the case then presented was one for decision by a jury as involving a disputed question of fact. There was no intimation that plaintiff, appellant, was entitled to recover as matter of law on undisputed facts. We note at this time that some of the pleas upon which the case was submitted to the jury alleged that, when the policy in suit was delivered to insured, he, contrary to his representation or warranty, had been sick and was not in good health at the time, whereby defendant was deceived or the risk of loss increased. There is no dispute in the evidence that at the time of the delivery of the policy to the insured he was confined to his bed as the result of an operation for appendicitis performed three or four days previously and had not at that time completely recovered; it will, however, be conceded that the question whether the insured's misrepresentation was made with actual intent to deceive, or his illness and the consequent operation had increased the risk of loss, presented issues of fact for jury decision. As to these issues defendant was entitled to have the jury instructed, as requested in some of its charges, the refusal of which is assigned for error. It will be conceded further that the court, giving charges requested by plaintiff, instructed the jury, in the way of concession, rather than positive assertion, that plaintiff could not recover if the attack of appendicitis from which insured had suffered had increased the risk of loss, but neither the court's oral instruction nor the written charges gave the jury to understand that, without respect to the question of increased risk of loss by reason of the illness and operation for appendicitis, plaintiff could not recover if insured's representation—evidently a misrepresentation—that he was in good health at the time of the delivery of the policy, and had not been sick since the date of his application therefor, was false and made with actual intent to deceive. The language of the statute, section 8507 of the Code, to state it in brief, is that in contracts of the sort here involved no written or oral misrepresentation shall avoid the insurance "unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss." When accepting the policy here in suit, insured had at the time of its delivery agreed, warranted,

that he was then in good health and had not been sick since the date of his application. Defendant was entitled to rely upon that agreement, warranty, representation, as made in good faith and as true when made, whatever may have been the judgment of the jury as to its materiality as developed by the subsequent course of insured's health. Defendant was entitled to exclude all surmise or chance as to what the future course of insured's complaint might be; had a right, not denied to it by the statute, to contract on its own terms, to use its own judgment in that regard, and, if the insured with actual intent to deceive, and so did deceive, the responsible officers and agents of defendant company, the consequent contract, as for anything now appearing, was binding on the insured and his beneficiary and must now be given effect. And in this connection it may be noted—though the fact is not necessary to defendant's case —that there was some evidence, some medical opinion, to the effect that the insured's illness from appendicitis may have so weakened him physically as to contribute to his death by reason, in the main certainly, of another and different trouble some thirty days later. Defendant by requiring of the insured a statement excluding the chance of such contribution was clearly within its right, and the question whether there was an intent to deceive was one for jury decision, and instructions, excluding that issue from consideration, were erroneously given. This we say, having in mind the decision in this case on former appeal and Heralds of Liberty v. Collins, 216 Ala. 1, 110 So. 283; and W. O. W. v. Gibbs, 217 Ala. 108, 114 So. 915, all cited by appellee. It will be observed that in considering the charges refused to defendant stress is laid, not upon the proposition that the representation made by the insured in order to procure delivery of the policy related to an ailment which increased the risk of loss, for the charges took care of that, but the decision here proceeds upon the consideration that they ignored the fact that under the evidence the jury may have found that the representations of the insured as to the state of his health were made—to use the language of the statute, section 8507—with actual intent to deceive.

There was error also in some of the rulings on evidence. As bearing upon the real condition of the insured at the time of the delivery of the policy and his intent when making the statement at that time, it would have been proper to admit his statements made in the short interval between that and the time of his death, to the effect that he would never get well and was discouraged; that he remained, during the time his nurse stayed with him after the operation for appendicitis, in a weakened condition; that he never regained his weight; that when he walked he leaned to one side; and that he

walked very slowly and carefully—all this before the ailment which took him off, or at least was mainly instrumental therein, manifested itself. The circumstances inquired about may have aided the jury in arriving at a just conclusion as to the questions whether the attack of appendicitis increased the risk of loss and whether the representations made by the insured at the time of the delivery of the policy were made with actual intent to deceive.

For the errors indicated the judgment must be reversed; the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.