Argued at Pendleton May 7; affirmed September 23; rehearing
denied November 12, 1930

# ROSSIER *v.* UNION AUTOMOBILE
# INSURANCE CO.
## (297 P. 498)

*Blaine Hallock* of Baker (Nichols, Hallock & Donald of Baker on the brief) for respondent.

*Wm. G. Smith* of Portland (Collier, Collier & Bernard of Portland on the brief) for appellant.

BELT, J. This action is based on an insurance policy covering damage to automobile, arising out of accidental collision. It is conceded that the policy was in effect at the time in question and that the automobile of the plaintiff was damaged as a result of a collision. The principal questions presented on appeal are: (1) Has the plaintiff a right to maintain this action in view of the fact that it was commenced prior to the repair of the automobile? (2) What is the measure of damages? Relative to the first question, the insurance company contends that, under the policy, it has the right or option to replace broken or damaged parts and put the automobile in as good condition of repair as it was prior to the collision. Concerning the question of damages, the insurer asserts that its liability is limited, under the policy, to the actual cost of replacement of damaged or broken parts and the measure of damages is not as the court instructed, namely, the difference between the fair cash value of the automobile before and after the collision. Verdict and judgment were had in favor of plaintiff in the sum of $950 together with an allowance of $250 for attorney fees. Defendant appeals.

Plaintiff purchased a Studebaker sedan for $1,535. A few days later defendant issued a policy indemnifying him "against direct loss or expense arising or resulting from claims upon the insured for damages

by reason of the ownership, maintenance, manipulation or use of the automobile." By virtue of a full coverage collision clause, the liability under the policy was "extended to include damage to the automobile and/or equipment herein described, if caused solely by being in accidental collision * * *." It was also provided:

"In the event of loss or damage to the said automobile, it is understood and agreed that the assured shall make a report of said loss or damage to the company in accordance with the terms and conditions of the policy to which this endorsement is attached, and the company shall have reasonable time and opportunity subsequent to the receipt of such report to examine the damaged automobile or its equipment covered hereunder before repairs are undertaken or physical evidence removed, but the assured shall not be prejudiced by any act on his part undertaken for the protection or salvage of the damaged automobile or its equipment.

"In the event of loss or damage to said automobile, whether such loss or damage is covered by the policy or not, the liability of this company for loss or damage resulting from collision in accordance with the terms of this endorsement shall be reduced by the amount of such loss or damage until repairs have been completed, but shall then attach for the full amount as originally written without additional premium, subject to the provisions of this endorsement.

"The company's liability for loss or damage under this endorsement by reason of any one collision is limited to the actual cost of replacement of the property damaged or destroyed, and in no event, to exceed the true cash value of the automobile current at time loss or damage occurs."

On the afternoon of the day the above policy was issued, the automobile collided with a truck. Plaintiff alleges that, as a result thereof, it was "so bent, crushed, warped, twisted, broken and otherwise injured as to render the same of no greater value than $450." There was evidence tending to support the theory of

plaintiff that, on account of the nature and extent of the damages to the automobile, it was not possible to repair it so as to put it in the same condition as prior to the collision. The insurance company offered evidence that it could be so repaired. Aside from the question as to whether the action was prematurely commenced the vital issue in the case was as to the extent of the insurer's liability.

■■ It affirmatively appears from the complaint that there was not a total destruction of the automobile and we believe it was contemplated under the policy, although not expressly stated therein that the insurer had the right to replace or repair broken or damaged parts in an effort to put the automobile in substantially the same condition as it was prior to the collision. If the car was capable of being so repaired, when the plaintiff commenced action without permitting the insurer the opportunity to exercise such right, a plea in abatement would have been proper. In the instant case, however, the defendant did not enter such plea, but joined issue on the merits. Under such circumstances the right of the plaintiff to maintain the action is not open to question.

■■ We turn to consideration of the extent of the insurance company's liability. The decision of this question hinges upon the construction of the contract of insurance. It will be recalled that this is not an action for damages arising out of tort. It is based on a contract. That an insurer may, by contract, limit its liability, is well recognized. It is also uniformly held that if there is any doubt or ambiguity in the terms of such limitation it will be resolved in favor of the insured. An insurance policy, like any other kind of contract, must be considered in its entirety and conflicting clauses reconciled if possible.

■ Unquestionably the primary object or purpose of the plaintiff was to be indemnified against loss or damage to his automobile resulting from accidental collision. It is common knowledge that the nature and extent of damage to a car may be such that replacement or repair of broken parts will not compensate the insured for his loss. In the instant case plaintiff had a new car. It had been driven only 140 miles. A mechanic called as an expert witness, speaking of the damage to the automobile, said, "It was a wrecked car, you absolutely can't put a wrecked car back in the condition it was before the wreck." The frame was sprung; rear axles bent; upholstery seared with acid; doors battered; rear wheel broken; windows shattered and otherwise injured. To award him damages for the actual cost of replacement of broken or damaged parts would, indeed, be inadequate relief. That there would be diminution of value as the result of collision as here shown seems obvious. In many instances the injury to the automobile may be of such nature and extent that, after repairs have been made, there will be no diminution of value. Under such circumstances cost of repairs would be equivalent to the difference between the value of the automobile before and after collision.

■ In addition to the general provision indemnifying the assured against loss or damage by reason of accidental collision, the policy provided for a limitation of liability "to the actual cost of replacement of the property damaged or destroyed." "Replacement" as thus used means, in our opinion, the restoration of the property to its condition prior to the injury. Such restoration may or may not be accomplished by repair or replacement of broken or damaged parts. It cannot be said that there has been a complete restoration of the property unless it can be said that there has been no

diminution of value after repair of the car. Courts have differed in their construction of similar limitation clauses and will probably continue to do so, so long as policies are couched in language tending towards uncertainty and confusion.

In *Standard Accident Ins. Co. of Detroit v. Richmond* (Texas) 297 S. W. 879, in construing a similar limitation of liability clause, "suitable repairs and replacements," the court said:

"The injury being one for which the appellant was liable under the terms of the policy, the appellee had the right to claim full compensation for his loss. That loss was the difference between the value of the car before and after the injury. Appellant had, in effect, contracted to do all that reasonably could be done to restore the car to its original condition in the way of making repairs and replacements, or to pay the full amount of damages sustained. The testimony indicates that the principal damage was to the body of the car. Witnesses testified that this could not be restored to its original condition by merely being repaired. It was damaged to the extent that this was impossible, they stated. Appellant contends that it was only required to pay the cost of restoring the car to substantially the same condition it was in before the injury. That is true, if the words 'substantially the same' mean a condition which made the car equal in value to what it was before the injury. Anything less than that would not be adequate compensation for the loss sustained."

■ The conclusion reached in the instant case that the proper measure of damages is the difference between the fair cash value of the car before and after the injury is supported by the weight of authority: *Stoops v. First American Fire Insurance Co.*, 160 Tenn. 239 (22 S. W. (2d Ed.) 1038), wherein authorities are reviewed: *Federal Insurance Co. v. Hiter*, 164 Ky. 743 (176 S. W. 210, L. R. A. 1915E 575) ; *United States Fidelity & Guaranty Co. v. Corbett*, 35 Ga. App. 606 (134 S. E. 336). To the

contrary, see: *Haussler v. Indemnity Co.*, 227 Ill. App. 504. In *Sare v. United States Fidelity & Guaranty Co.*, 53 Nova Scotia Reports, 355, a divided court passing on questions of fact held that the action was prematurely commenced since the automobile was capable of being repaired or restored to its original condition and that the insurer had the option to make such repairs. Since the court was equally divided upon such question of fact the decision of the lower court dismissing the action was affirmed. We are impressed with the vigorous dissenting opinion of Justice Mellish wherein he said:

"The plaintiff contends, and I think rightly, that he is entitled, if no cash payment is made, to have a car just as valuable as the car was before the accident."

At any rate, we are not concerned with the question as to whether the action in this case was prematurely commenced.

■ The court did not err in instructing the jury in effect that plaintiff was entitled to a verdict. It was conceded by the insurer that the automobile was covered by a policy of insurance at the time it was damaged as a result of accidental collision. In the affirmative answer and defense, defendant alleges: "That on or about the 6th day of August, 1928, while plaintiff was the owner of said automobile, said plaintiff was involved in a collision with another automobile and as a result thereof plaintiff's said automobile sustained certain damages." The only issue to submit to the jury was as to the measure of damages. See *Indemnity Ins. Co. of North America v. Gardner*, 214 Ala. 528 (108 So. 342).

Finding no error in the record, the judgment of the lower court is affirmed.

McBRIDE, J., did not sit in the hearing of this case.