Argued February 10, reversed March 2, 1960
# GEORGE B. WALLACE COMPANY *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
349 P. 2d 789

*Robert A. Leedy,* Portland, argued the cause for appellant. On the brief were Barzee, Leedy & Erwin.

*Richard T. Clarke,* Portland, argued the cause for respondent. On the brief were McGill & Clarke.

Before McALLISTER, Chief Justice, and WARNER, PERRY and DUNCAN, Justices.

PERRY, J.

This is an action at law to recover upon a policy of automobile insurance issued by the defendant. The jury returned a verdict for the defendant and the plaintiff appeals.

There is no real dispute in the facts, nor is the question of the right of this plaintiff to maintain this action against the defendant in dispute.

The facts disclose that defendant issued to Dr. Lloyd P. Pratt, a resident of Roseburg, its contract of insurance, insuring Dr. Pratt's Buick automobile, and that this policy was at all times (so far as this matter is concerned) in full force and effect. The Buick auto-

mobile had been recently purchased from plaintiff, a Portland automobile dealer. Shortly after the purchase the automobile developed mechanical difficulties and it was necessary for the automobile to be out of service and in plaintiff's repair shop while being made to operate properly. There is some dispute in the evidence as to whether Dr. Pratt was told that the time contemplated to repair his Buick automobile would be three to four days or at least two weeks, but whether it was to be four days or two weeks is, in our opinion, entirely immaterial to the issue presented.

To accommodate Dr. Pratt while his Buick automobile was unavailable to him, the plaintiff loaned to Dr. Pratt one of its used automobiles which he was privileged to make use of in the same manner as he would his own. When the doctor's automobile was repaired it was returned to him in Roseburg, and a day or two later the automobile which had been loaned by the plaintiff to Dr. Pratt was extensively damaged by collision and upset while Mrs. Pratt was attempting to return the borrowed automobile to the plaintiff in Portland.

The policy issued by the defendant provided generally a loss coverage for collision and upset to the Buick automobile owned by Dr. Pratt and further provided as follows:

"IV. Use of Other Automobiles. If the named insured is an individual or husband and wife and if during the policy period such named insured, or the spouse of such individual if a resident of the same household, owns an automobile covered by this policy and classified as 'pleasure and business,' such insurance as is afforded by this policy under coverages A, B, C, F, G or H with respect to

said automobile applies to any other automobile subject to the following provisions:

"(a) With respect to the insurance afforded under coverages A and B the unqualified word 'insured' includes (1) such named insured and spouse, and (2) any other person or organization legally responsible for the use by such named insured or spouse of an automobile not owned or hired by such other person or organization. Insuring Agreement II(a) does not apply to this Insuring Agreement IV.

"(b) Coverage F, G or H applies only to a private passenger automobile while being operated or used by such named insured or spouse. Exclusion (i)(2) does not apply to this provision.

"(c) Insuring Agreement IV does not apply:

"(1) to any automobile owned by, registered in the name of, hired as part of a frequent use of hired automobiles by, or furnished for regular use to either the named insured or a member of the same household other than a private chauffeur or domestic servant of such named insured or spouse;"

The error the plaintiff complains of was the giving of the following instruction:

"I instruct you that the plaintiff's automobile was covered by the policy unless it comes within the exclusionary provisions of the policy excluding from coverage cars furnished to the insured or his spouse, that's his wife, for regular use. It therefore becomes material for you to consider and determine whether the car in question was furnished to Dr. Pratt for regular use or for casual use.

"I instruct you that the primary issue in this case is whether or not the automobile of plaintiff which was damaged, was covered by the insurance

policy. If so, plaintiff is entitled to recover, and if not, defendant is  *  *  *  entitled to recover.

"The determination of this issue turns upon a finding by the jury as to whether or not the plaintiff furnished its vehicle or automobile to Dr. Pratt for his regular use. If the plaintiff's car was furnished to Dr. Pratt for his regular use, then the collision coverage in the defendant's policy with Dr. Pratt would not extend to the benefit of the plaintiff. If, however, you find from the evidence that the plaintiff's car was furnished to Dr. Pratt not for his regular use, but for his casual use, then the plaintiff would not be entitled to recover from the defendant [the trial judge later corrected this to state 'then the plaintiff would be entitled to recover'] It therefore becomes necessary for me to define to you what is considered and termed in law by the expression, 'Furnished for regular use and for casual use.'

"Furnished for regular use as used in the policy of insurance in question means a vehicle furnished for principal use as distinguished from a casual use. That is, furnished for regular use, used in the same or similar manner and for the same and similar purposes and at the usual time as the car that is actually owned by the party using the same. The period of time that the automobile is used, whether long or short, is not the sole determining factor, but the time element is a factor for you to consider, together with all other evidence in the light of my instruction.

"In connection with the term or meaning of 'regular use,' I instruct you that 'regular' means customary, usual or normal. A regular use may be said to be a systematic or periodic use, and not a mere occasional or incidental use.

"The word 'casual' is defined as coming without regularity, occasional, incidental, coming at uncertain times or without regularity, in distinction from stated or regular.

"In considering whether or not the car in ques-

tion was furnished to Dr. Pratt for regular use or casual use, you are to take into consideration all the facts and circumstances as disclosed by the evidence, and subject to my instructions."

Whether or not this was error depends upon the construction of the exclusion clause in paragraph (1) of section (c) set out above.

■ To properly construe this portion of the policy it is first necessary to determine what the intention of the parties was under the contract of insurance. In doing so, we must follow the general rule of law, that we give effect to the parties' intention so far as can be discovered from the language of the policy, and if the policy is reasonably susceptible of two constructions, it should be construed most favorably to the policy holder. *Borglund v. World Ins. Co.,* 211 Or 175, 315 P2d 158; *Farmers Mut. Ins. Co. v. Un. Pac. Ins.,* 206 Or 298, 292 P2d 492; *Rossier v. Union Automobile Ins. Co.,* 134 Or 211, 297 P 498.

As stated in *Lumbermens Mut. Casualty Co. v. Pulsifer,* 41 FS 249, 251,

"The interpretation and application of the language of the endorsement is facilitated by a consideration of its purpose."

And, as therein pointed out, with reference to an exclusion clause the court states:

"The exclusion from coverage of other cars owned by the insured, as well as cars owned by members of his household, and the exclusion of cars 'hired for regular use,' as well as the language as a whole, would seem to indicate the intention of the Company to protect itself from a situation where an insured could pay for one policy and be covered by the insurance in driving any car that he decided to use, whether owned by him or

members of his family or rented. In other words, cars under his control that he could use at will and might use often. Without some such exclusion it is obvious that the Company might lose premiums and also that the hazard under the insurance would be increased. That to avoid such results was apparently the idea of the agents of the Company in writing this clause is admitted by its counsel."

Since the general purpose of the policy was to extend the collision and upset coverage to passenger cars which the insured or his wife might perhaps on infrequent occasions obtain permission of various owners to use and to eliminate the risk to the insurer of the use of automobiles usually at hand instead of his own, it seems obvious that the clause implies a restriction upon the use of automobiles over which the insured has a rather permanent right of control.

■ We are of the opinion, therefore, that the phrase "furnished for regular use" as used in context does not imply the manner of use, that is, putting the automobile to the same uses to which an insured would use his own automobile, but implies a right to the regular use of the automobile in the sense that there is an expressed or implied understanding with the owner of an automobile that the insured could have the use of the particular automobile or perhaps any automobile of the other at such times as he desired, if available.

The term "furnished for regular use" does not embody the term "for temporary use," but describes the antithesis thereof. It, therefore, expresses no thought of excluding protection in those situations where the use is but for a single occasion or single purpose.

■ The fault in the instruction is apparent in the trial court's definition of "furnished for regular use,"

as meaning a vehicle that has been furnished to be "used in the same or similar manner and for the same and similar purposes and at the usual time as the car that is actually owned by the party using the same." This wording gives emphasis to the manner of use and not to the understanding of the assured as to the temporary or more or less permanent use of the automobile when available, and the jury must have been misled as to the law applicable.

For this reason this cause must be reversed.