Argued and submitted February 27, affirmed December 11, 1991

## NORTH PACIFIC INSURANCE COMPANY,
*Respondent,*

*v.*

## BRENT R. ANDERSON
and Marla R. Anderson,
*Appellants.*

(CV 89-446; CA A63715)

821 P2d 444

W. Eugene Hallman, Pendleton, argued the cause for appellants. With him on the briefs was Mautz Hallman, Pendleton.

Michael A. Lehner, Portland, argued the cause for respondent. On the brief were Michael C. Mitchell and Lehner & Mitchell, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

* Joseph, C. J., *vice* Newman, J., deceased.

### DEITS, J.

Plaintiff insurance company issued an automobile liability policy to defendants on their personal vehicle. While driving one of his employer's vehicles, defendant Brent Anderson (Anderson) was involved in an accident. The operator of the other vehicle was uninsured. Anderson sought coverage under the uninsured motorist provision of his policy with plaintiff. Plaintiff then brought an action for a declaration that it is not responsible for coverage. Both sides moved for summary judgment on the issue of whether the accident came within the policy exclusion for injuries sustained while occupying a vehicle not named in the policy that is furnished or available to the insured for regular use. The trial court granted a summary judgment for plaintiff and denied defendants' motion. We affirm.

■   The facts are undisputed: Anderson was a driver for a trucking company. His employer had a fleet of approximately 30 trucks. During his employment, he drove five or six different trucks, although he preferred truck number 212 and drove it most of the time. At the time of the accident, he was driving truck number 3050. The trial court held that the policy language was not ambiguous and concluded that the truck being driven at the time of the accident was "furnished for regular use" and, therefore, Anderson's use was not covered by the policy.

The pertinent policy language provides that plaintiff

"will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of bodily injury sustained by a *covered person* and caused by accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle.

"* * * * *

"We do not provide Family Protection Coverage for bodily injury sustained by any person:

"1.   While occupying, or when struck by, any type of motor vehicle or trailer owned or *furnished or available for regular use by you or any family member which is not insured for this coverage under this policy.*" (Emphasis supplied.)

■    Defendants argue that the phrase "furnished for regular use" is ambiguous and that any doubts as to its meaning should be resolved against the insurance company and in favor of extending coverage. However, the provision is one that is required by the Uninsured Motorist Act. ORS 742.500 to ORS 742.504.[1] The act requires that uninsured motorist coverage include certain provisions that are "no less favorable" to the insured than those provisions specified in the act. ORS 742.504.[2] The dispositive language in the exclusion at issue here is virtually identical to the provision required by the act. When there is no indication that the language in the policy was intended to provide broader coverage than the act requires, the interpretation of the pertinent language becomes a matter of statutory construction. *Perez v. State Farm Mutual Ins. Co.*, 289 Or 295, 613 P2d 32 (1980).

Defendants contend that the terms "furnished for regular use" require "a permanent right of control and the discretion to use the vehicle at such times as the insured desires in place of or in addition to the insured's own 'owned' vehicle." They assert that, because the vehicle that Anderson was using at the time of the accident was available to him only for business purposes and not for personal use, it did not come within the terms "furnished for regular use." However, there is nothing in the statutory language that requires that a vehicle must be totally under the insured's control and available for both personal and business use to be "furnished for regular use." The language simply requires that it be available for the insured's "regular use."

*Wallace Co. v. State F. M. Auto Ins. Co.*, 220 Or 520, 349 P2d 789 (1960), discussed the meaning of the terms "furnished for regular use." In holding that a replacement

---

[1] The statutes in effect at the time of the trial, *former* ORS 743.789 to ORS 743.792, are now codified as ORS 742.500 to ORS 742.504. The substance of the provisions pertinent here has not been changed.

[2] The pertinent provision states:

"(2) As used in this policy:

"* * * * *

"(e) 'Uninsured vehicle' does not include:

"* * * * *

"(F) A vehicle owned by or furnished for the regular or frequent use of the insured." ORS 742.504.

vehicle from a car dealer did not come within the exclusion for vehicles provided for the insured's regular use, it explained that it is not the manner of use that determines if a vehicle is "furnished for regular use" but, rather, it is the *right* to regular use:

> "We are of the opinion, therefore, that the phrase 'furnished for regular use' as used in context does not imply the manner of use, that is, putting the automobile to the same uses to which an insured would use his own automobile, but implies a right to the regular use of the automobile in the sense that there is an expressed or implied understanding with the owner of an automobile that the insured could have the use of the particular automobile or perhaps any automobile of the other at such times as he desired, if available." 220 Or at 526.

Oregon courts have not addressed the specific question of whether a vehicle furnished to an insured by an employer comes within the exclusion.[3] However, in *Shadbolt v. Farmers Insur. Exch.*, 275 Or 407, 557 P2d 478 (1976), the Supreme Court considered the meaning of a similar exclusion for vehicles "regularly or frequently used" by the insured. Although *Shadbolt* is not controlling here, its discussion of the purpose of this type of exclusion is helpful:

> "It would appear that the primary purpose of the provision of this policy excluding from coverage a 'non-owned' automobile which is 'regularly or frequently used' by the insured, or by members of his household, is to prevent an insured from having the benefit of coverage for two automobiles which may both be 'regularly or frequently used' by him or by members of the same household, in return for payment of a premium based upon insurance for the single automobile described in the policy." 275 Or at 412.

That reasoning applies also to provisions like the one at issue here involving vehicles that are not named in the policy, but that are furnished to an insured for regular use. *See* 8C Appleman, *Insurance Law and Practice* 191, § 5078.25

---

[3] A number of other jurisdictions that have considered the question have determined that vehicles furnished to an insured by an employer are "furnished for regular use" and, accordingly, are within this exclusion. *See, e.g., Galvin v. Amica Mutual Ins. Co.*, 11 Mass App Ct 457, 417 NE2d 34 (1981); *Westhaver v. Hawaiian Ins. & Guar.*, 15 Wn App 406, 549 P2d 507 (1976); *Hayes v. Fireman's Fund*, 170 Colo 164, 460 P2d 225 (1969); *Moore v. St. Farm Ins. Co.*, 239 Miss 130, 121 So2d 125 (1960).

(1981); 12 *Couch on Insurance* 537, § 45.239 (2d ed 1981). We conclude that the vehicle used by Anderson was furnished for his regular use and, therefore, was within the exclusion from coverage. Accordingly, the trial court properly granted summary judgment for plaintiff.

Affirmed.