**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JILL P. ESTES, as the Personal
Representative of the Estate of Kyle Estes,

        Plaintiff-counter-
        defendant-Appellant,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, a corporation,

        Defendant-counter-claimant-
        Appellee.

No.   21-35446

D.C. No. 3:20-cv-01790-BR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted May 9, 2022
Portland, Oregon

Before: BERZON, TALLMAN, and CHRISTEN, Circuit Judges.

Kyle Estes ("Estes") was killed in a head-on motor-vehicle collision with

another vehicle. At the time of the accident, Estes was insured under two

---

       [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

automobile insurance policies issued by defendant State Farm Mutual Automobile Insurance Company. Plaintiff Jill Estes ("plaintiff"), as the Personal Representative of the Estate of Kyle Estes, sought uninsured/underinsured ("UM/UIM") motorist coverage. Defendant denied coverage, and the district court granted summary judgment in favor of defendant. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's order granting summary judgment and may affirm on any ground supported by the record. *Chemehuevi Indian Tribe v. Newsom*, 919 F.3d 1148, 1150–51 (9th Cir. 2019).

The Oregon Supreme Court's decision in *Vega v. Farmers Insurance Co. of Oregon*, 918 P.2d 95 (Or. 1996), sets forth the overarching applicable framework. *See Batten v. State Farm Mut. Auto. Ins. Co.*, 495 P.3d 1222, 1224 (Or. 2021). As *Vega* recognized, the Oregon legislature has set out "a comprehensive model" policy of UM/UIM coverage in section 742.504(1)–(12) of Oregon Revised Statutes ("ORS"). 918 P.2d at 101. The statute specifies that policies must provide "'coverage that in each instance is no less favorable in any respect to the insured or the beneficiary than if' those model policy terms 'were set forth in the policy.'" *Batten*, 495 P.3d at 1224 (quoting ORS § 742.504(1)); *see also Vega*, 918 P.2d at 99–101.

Relying heavily on *Erickson v. Farmers Insurance Co. of Oregon*, 21 P.3d 90 (Or. 2001), plaintiff asserts that exclusion 2.a, which generally excludes coverage if an insured occupies a motor vehicle "furnished for the regular use" of the insured, is unenforceable in its entirety and cannot be replaced with the statutory language in ORS 742.504. Plaintiff argues that the policies provide less favorable coverage than ORS 742.504 because: (1) the statute provides coverage for "an insured vehicle," which includes a "substitute vehicle," while the policies exclude this coverage; and (2) the statute covers motorcycles while the policies exclude motorcycles.

Plaintiff's argument fails. The GMC truck provided by Estes' employer was not a "substitute vehicle" or a motorcycle. Neither *Erickson* nor any other controlling authority that we are aware of permits a claimant to have an exclusion deemed void where the challenged part of the exclusion does not implicate the facts in that claimant's case. *Vega* looked to the text of ORS 742.504: "Every policy required to provide the coverage specified in ORS 742.502 shall provide uninsured motorist coverage that in each instance is no less favorable in any respect *to the insured or the beneficiary* than if the following provisions were set forth in the policy." ORS § 742.504 (emphasis added); *see Vega*, 918 P.2d at 99–100. ORS 742.504(2)(c)'s definition of "[i]nsured," in pertinent part, is "[t]he

3

named insured as stated in the policy." ORS 742.502 created only a duty to provide coverage to Estes that was no less favorable to him than the statutory minimum.

Additionally, plaintiff argues that the GMC truck was not provided for Estes' regular use as a matter of fact, and thus the UIM exclusion does not apply.[1] The GMC truck Estes was driving was furnished by his employer. It was regularly parked in his driveway when not in use, Estes was permitted to use the truck for business matters, and he was also permitted to use it for personal matters that did not disrupt his work. That Estes had the ability to use the truck for both business purposes and personal matters is dispositive under Oregon law. *See George B. Wallace Co. v. State Farm Mut. Auto. Ins. Co.*, 349 P.2d 789, 792 (Or. 1960) ("[T]he phrase 'furnished for regular use' . . . implies a right to the regular use of the automobile in the sense that there is an expressed or implied understanding with the owner of an automobile that the insured could have the use of the particular automobile or perhaps any automobile of the other at such times as he

---

[1] Oregon's general methodology for interpreting the terms of an insurance policy does not apply in cases involving statutorily required provisions. *See Wright v. Turner*, 322 P.3d 476, 478–79 (Or. 2014). In such cases, "the intent of the legislature, rather than the intent of the parties, controls." *Vega*, 918 P.2d at 102. The method for interpreting statutes "begins with an analysis of the statute's text and context." *Id.* at 100.

desired, if available."); *N. Pac. Ins. Co. v. Anderson*, 821 P.2d 444, 445 (Or. Ct. App. 1991) (rejecting the argument that "furnished for regular use" requires "a permanent right of control and the discretion to use the vehicle at such times as the insured desires in place of or in addition to the insured's own 'owned' vehicle," and holding that "[t]he language simply requires that it be available for the insured's 'regular use'").

**AFFIRMED.**