No. 372       June 5, 2024       39

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Kristina SHEPPARD,
*Plaintiff-Appellant,*

*v.*

PROGRESSIVE CLASSIC INSURANCE COMPANY,
a foreign corporation,
*Defendant-Respondent,*

*and*

Eric McHENRY
and State of Oregon,
*Defendants.*

Marion County Circuit Court
20CV28039; A178724

James C. Edmonds, Judge.

Argued and submitted October 25, 2023.

Derek Larwick argued the cause for appellant. Also on the briefs was Larwick Law Firm, P. C.

Jonathan Henderson argued the cause for respondent. Also on the brief was Davis Rothwell Earle & Xochihua, P. C.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Plaintiff suffered physical injuries from a car accident caused by an uninsured motorist. Plaintiff pursued uninsured motorist ("UM") coverage with defendant, Progressive Classic Insurance Company, and defendant denied the claim. Plaintiff filed a lawsuit for breach of the insurance contract, and both parties filed cross-motions for summary judgment on the issue of UM coverage. The trial court entered a general judgment in favor of defendant. This appeal raises the issue of whether plaintiff's UM policy excluded coverage when it provided that plaintiff was not covered for an injury sustained while occupying a vehicle "furnished for * * * regular use."[1] Plaintiff contends that this "regular use" exclusion does not apply because the vehicle that plaintiff was using at the time of the accident was available to her only for employment purposes and not for regular use. Because the application of the exclusion provision is consistent with ORS 742.504 and *North Pacific Ins. Co. v. Anderson*, 110 Or App 269, 272-74, 821 P2d 444 (1991), in which we previously interpreted the language at issue, we affirm.

## FACTS

Plaintiff was a wildland firefighter who worked for the Oregon Department of Forestry. In August 2018, plaintiff was injured in a collision caused by an uninsured motorist while she was occupying an Oregon Department of Forestry work vehicle. At the time of the collision, plaintiff had a policy that included $100,000 of uninsured motorist coverage from defendant, Progressive. The relevant portion of the UM insurance contract provided:

> "If you pay the premium for this coverage, we will pay for damages that an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of bodily injury:

---

[1] The purpose of a "regular use" provision is to allow coverage for an insured driver for the occasional use of a non-owned vehicle that is not listed as an insured vehicle and for which a premium is not paid. Such policy provisions prevent a person from obtaining insurance coverage for two vehicles that he or she has the right to regularly use for the payment of a premium on a single vehicle described in the policy. *Shadbolt v Farmers Ins. Exchange*, 275 Or 407, 412, 551 P2d 478 (1976). In other words, one must pay a premium for the vehicles he or she regularly uses. A person may not obtain coverage for both such vehicles for the price of one.

"1.   sustained by an insured person;

"2.   caused by an accident; and

"3.   arising out of the ownership, maintenance or use of an uninsured motor vehicle or underinsured motor vehicle."

The policy also included a "regular use" exclusion from UM, stating, in relevant part:

"Coverage under this Part III will not apply:

"[T]o bodily injury sustained by any person while occupying or being struck by a motor vehicle that is owned by or furnished for the regular use of you, a relative, or a rated resident.

"This exclusion does not apply to a covered auto that is insured under this Part III[.]"

Plaintiff resolved her claim against the uninsured motorist through settlement, and also resolved her claim against the state for the limits of its UM coverage. Plaintiff then made a claim for uninsured motorist benefits to defendant. Defendant denied coverage, asserting that the "regular use" exclusion from the UM coverage applied because the vehicle plaintiff was driving at the time of her accident was provided to her for her regular use by the state. Plaintiff filed a lawsuit after her claim was denied.

The parties cross-moved for summary judgment. The admissible evidence before the trial court at the summary judgment stage showed that the vehicle was provided to plaintiff only for the specialized use of fighting wildfires. Plaintiff was required to keep a mileage log of the vehicle and was not allowed to use the vehicle for personal purposes. However, plaintiff did not have to approach her supervisor every time she needed to use the vehicle and was allowed to use it "as needed" for official duties. At the time of the collision, plaintiff was responding to a fire assignment in Southern Oregon.

Ultimately, the trial court denied plaintiff's motion and granted defendant's motion. The court entered a general judgment in favor of defendant, from which plaintiff appeals. In reviewing cross-motions for summary judgment, "we view the record in the light most favorable to the party

opposing [each motion] to determine whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." *Hunters Ridge Condo. Assn. v. Sherwood Crossing*, 285 Or App 416, 419, 395 P3d 892 (2017) (internal quotation marks omitted).

## ANALYSIS

Oregon law establishes minimum requirements for uninsured motorist coverage through a comprehensive model policy laid out in ORS 742.504.[2] *Vega v. Farmers Ins. Co.*, 323 Or 291, 302, 918 P2d 95 (1996). Uninsured motorist provisions must provide coverage that is "no less favorable" to the insured than the provisions specified in the statute. ORS 742.504. Policy provisions that are less favorable to the insured are void. *Erickson v. Farmers Ins. Co. of Oregon*, 331 Or 681, 687-88, 21 P3d 90 (2001).

Plaintiff concedes that defendant's contractual exclusion is no less favorable to the insured than the statutory minimum language in ORS 742.504. Accordingly, plaintiff is not asking us to strike defendant's "regular use" provision as a violation of ORS 742.504. Thus, interpreting the pertinent language of the contract becomes a matter of statutory construction. *See North Pacific*, 110 Or App at 272 ("When there is no indication that the language in the policy was intended to provide broader coverage than the act requires, the interpretation of the pertinent language becomes a matter of statutory construction."). We pursue that statutory construction through the analytical framework described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993) and *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (examining statutory text, context, and legislative history at the first step, followed by general maxims of construction if uncertainty remains).

ORS 742.504(4)(b) states: "This coverage does not apply to bodily injury to an insured while occupying a vehicle, other than an insured vehicle, owned by, or *furnished for the regular use* of, the named insured or any relative resident in the same household, or through being struck by the

---

[2] ORS 742.504 has been amended since plaintiff was injured. Or Laws 2024, ch 73, § 153. Those amendments do not affect our analysis and we refer to the current version of the statute.

vehicle." (Emphasis added.) At issue is the statutory phrase "furnished for the regular use." That phrase is not defined in the policy or in the statute, but we have previously interpreted it, most notably in *North Pacific*.

The facts of *North Pacific* are similar to the present case. In *North Pacific*, the plaintiff insurance company had issued an auto policy to the insured on his personal vehicle. 110 Or App at 271. While driving one of his employer's vehicles, the insured was involved in an accident with an uninsured motorist. *Id.* The insured sought coverage with his insurer under the UM provision of his policy. *Id.* The insurer denied coverage and then brought an action seeking a declaration that it was not required to cover the loss based on the furnished for regular use exclusion. *Id.* Both sides moved for summary judgment, and the trial court granted the insurer's motion.

On appeal, the insured argued that the phrase "furnished for regular use" requires a "permanent right of control and the discretion to use the vehicle at such times as the insured desires in place of or in addition to the insured's own 'owned' vehicle." *Id.* at 272. The insured also asserted that his use of the vehicle in question did not come within the term "furnished for regular use" because the vehicle was available to him only for business purposes and not for personal use. *Id.* Relying on *Wallace Co. v. State Farm Mut. Auto. Ins. Co.*, 220 Or 520, 526, 349 P2d 780 (1960) and *Shadbolt v Farmers Ins. Exchange*, 275 Or 407, 412, 551 P2d 478 (1976), we concluded that the vehicle came within the exclusion because the vehicle was available for the insured's regular use and nothing in the UM statutes required the vehicle to be "totally under the insured's control and available for personal and business use." *North Pacific*, 110 Or App at 272-73.

In this case, then, plaintiff's attempt to highlight and distinguish between the objectives of the purported use of the vehicle—whether business, personal, or family use—misses the focus of the inquiry. Rather, under *North Pacific*, we focus on whether there is "a right to the regular use of [a vehicle] in the sense that there is an expressed or implied understanding with the owner of [the vehicle] that the insured could have the use of the particular [vehicle]

*** at such times as [the insured] desired, if available." *Id.* at 273 (quoting *Wallace*, 220 Or at 526). In other words, it is not the manner of use that determines if a vehicle is "furnished for regular use" but, rather, it is "the *right* to regular use." *Id.* at 273 (emphasis in original).

Here, plaintiff's supervisor testified that plaintiff could use the truck whenever she needed, without having to ask for permission. The evidence establishes that she did in fact regularly use the truck, logging nearly 5,000 miles on the truck in just over a year. The truck was furnished to plaintiff for her regular use because she had a right to use it for work purposes whenever she wanted. Accordingly, under *North Pacific*, the exclusion would apply.

Plaintiff contends that because *North Pacific* was decided before *PGE*, it was wrongly decided. Specifically, plaintiff argues that the case was wrongly decided because it did not apply the statutory framework required by *PGE* or contain meaningful discussion of the facts in the case. However, plaintiff has not demonstrated that the reasoning or result of *North Pacific* would be seriously undermined by a *PGE* and *Gaines* analysis. *See Farmers Ins. Co. of Oregon v. Mowry*, 350 Or 686, 698, 261 P3d 1 (2011) (Oregon courts will "reconsider cases when the legal or factual context has changed in such a way as to seriously undermine the reasoning or result of earlier cases."); *Mastriano v. Board of Parole*, 342 Or 684, 692, 159 P3d 1151 (2007) ("The absence of a *PGE*-style examination of legislative intent does not deprive a prior statutory interpretation of its ordinary effect as precedent. Consequently, a decision of this court interpreting a statute can be neither discounted nor disregarded merely because it predates *PGE*."). Thus, plaintiff has not established that *North Pacific* is plainly wrong, and we decline to overrule it. *See Farmers Ins. Co.*, 350 Or at 698 (the party seeking to change a precedent "must assume responsibility for affirmatively persuading us that we should abandon that precedent"); *State v. Civil*, 283 Or App 395, 417, 388 P3d 1185 (2017) (explaining that we will overrule a prior decision only if it is "plainly wrong," a standard that is "rigorous" and "satisfied only in exceptional circumstances").

Affirmed.