Submitted on brief July 11; affirmed September 4, 1930

ZURICH GENERAL ACCIDENT & LIABILITY
INS. CO., Limited, *v.* CARLTON & C. R. CO.

(291 P. 349)

*B. A. Kliks* of McMinnville and *Teller, Levit, Silvertrust & Levi* of Chicago, Ill.; *Abraham Asher* of Portland; *Paul Sayre* and *Harold Banta* of McMinnville for appellant.

*Vinton & Tooze* of McMinnville for respondent.

COSHOW, C. J.   There is no controversy regarding the accuracy of the computation of the amount claimed by plaintiff if its method of computation is correct.   Plaintiff does not dispute the correctness of defendant's computation if its theory of the case is sound.   Most of the assignments of error center around the proposition that oral testimony is not admissible to alter, modify or vary the terms of the policy because it is in writing.   Defendant claims that the oral testimony admitted does not alter or vary the terms of the policy but serves two purposes: First, to place the court and jury in the place of the contracting parties when the policy was executed and delivered; second, to explain an ambiguity in the terms of the policy.   The ambiguity requiring explanation is the classification of the employees of defendant.

■ Among other items of evidence objected to was a letter from J. C. Banks to the Flora Logging company which was received and marked defendant's exhibit 5. This letter is a computation made by Mr. Banks of the amount of premium due from defendant.   Said Banks solicited the insurance from defendant and secured the policy from plaintiff.   The record discloses that at the time of the hearing said Banks had provided defendant similar insurance from a company other than plaintiff.

The record clearly shows that the premium in dispute is on a policy which renewed a former policy. The testimony of Mr. Banks was to the effect that in issuing the former policy witness Banks talked with a Mr. Reed, who managed the general agency of plaintiff in Portland, Oregon, at that time. The computation in the letter follows the computation made in the former policy. In computing the premium on the former policy plaintiff computed as defendant now computes the premium on the policy involved in the instant case and which is a renewal of the former policy. Witness Banks testified to the effect that he discussed the matter with said Reed informing Reed of the several classes of employees at work for defendant.

Inasmuch as there is no dispute about the accuracy of the computation, aside from the dispute over the classification, we are unable to see how plaintiff was injured by receiving the letter in the evidence. Without the letter the testimony of Banks is sufficient to take the case to the jury as to the proper method of computing the amount due as premium. The letter was immaterial. It has no evidentiary value on a disputed issue. Its admisison was not prejudicial.

■ It is our opinion that the insurance policy is ambiguous. The two policies mentioned hereinbefore are identical as to classification. In the former policy plaintiff computed the amount of premium as defendant computes it in the instant action. No explanation is made for attempting to change the computation when the policy involved in the instant action has not changed the classification. For that reason the former policy and the testimony in regard thereto was admissible over the objection of plaintiff. The former policy

with the testimony about plaintiff's computation of premium thereon was an admission against interest.

Examining the classification we are of the opinion that only those who operated the trains for defendant are included in the classification designated "Logging Railroad Operations and the Transportation of Freight and Passengers for Hire." Such was the computation of the same classification in the former policy. Plaintiff seeks to include the employees who work upon the tracks, constructing new lines, maintenance and repair of the track, as operators of the railroad. To include such in the word "operating" is to give to that word a very extensive meaning. Yet plaintiff earnestly contends such to be the proper construction of the policy.

■ The letter objected to and other oral testimony was admitted by the court on the theory that there was an ambiguity, and, therefore, testimony of the negotiations leading to the issuance of the policy and of the construction of the classification in the former policy were admissible not to change in any particular the policy but to enable the jury to determine which contention as to the classification was correct, that of the plaintiff or that of the defendant. In this we think the court did not err.

■ Plaintiff contends that the policy involved was for the protection of the defendant against claims by the public. The policy expresses it in this language:

"In consideration of the premium herein provided and of the warranties herein made the Zurich General Accident and Liability Insurance Company, Limited (herein called the Company), does hereby agree with the assured, respecting bodily injuries, or death at any time resulting therefrom, including instantaneous

death, accidentally suffered or alleged to have been suffered, during the policy period defined in special condition 6, by any person or *persons not employed by* the assured, while at the places designated in special condition 4, by reason of the work described in said special condition 4, in and during the prosecution of such work, * * *.''

During the progress of the trial defendant lost sight of the particular provision of the policy ''persons not employed by the assured'' and discussed the proposition as though the policy was intended to cover injury to the employees of the defendant. The policy does base the amount of the premium upon the wages and the risk attending the work of the employees.

''Logging Railroad Operations and the Transportation of Freight and Passengers for Hire'' is one classification. In that classification the premium is fixed at $2.06 on every $100 of the wages paid such employees. Plaintiff can not complain of that ''slip'' on the part of defendant because in its complaint we find this language: The original policy ''was delivered to the Carlton and Coast Railroad Company insuring the said Carlton and Coast Railroad Company against accidents *to its employees* in the operation of its business as stated in the terms of said policy.'' If evidence was admitted on the theory that the insurance covered injury to the employees of defendant, then plaintiff invited such error by that allegation in the complaint and can not be heard to say that the court erred by any ruling that was based on that theory. Plaintiff does not point out any particular error of the court in that behalf, but does complain because of arguments advanced by defendant along that theory.

The instructions requested were properly refused. These were based on the contention advanced by plain-

tiff to the effect that the evidence admitted over the objection of plaintiff tended to vary the terms of the written contract. Sufficient has been said as to the view of the court upon that proposition. The instructions given to which exception was taken expresses correctly the theory upon which the evidence was admissible. We think the evidence did not tend to vary the terms of the contract but on the contrary supported the contract.

■ We think there was sufficient disagreement about the understanding of the parties to the contract to justify receiving the evidence. Plaintiff drew the contract. Defendant had a right to assume that only trainmen were included under the classification of $2.06 per hundred while other employees of the defendant company took the lower rates as contended for by defendant. Such was the construction of the policy of which the one involved in the case at bar is a renewal. It is a rule of law well established in this jurisdiction that where there is doubt in the meaning of a contract, or any part thereof, the doubt shall be resolved in favor of the promisee and against the party who prepared the contract: *Jaloff v. United Auto Indemnity Exch.*, 120 Or. 381 (250 P. 717) ; *Byron v. First Nat. Bank,* 75 Or. 296, 300 (146 P. 516) ; Or. L., § 721.

We find no error in the record and the judgment is affirmed.

McBRIDE, J., absent.