Submitted on briefs February 13; modified March 5, 1946

# WEBER *v.* JEFFERSON COUNTY ET AL.

## (166 P. (2d) 476)

*George H. Brewster,* of Redmond, for appellant.

No appearance for defendants-respondents.

KELLY, J.

Suit by plaintiff, Edward G. Weber, as a taxpayer, to set aside a deed to real property executed by the defendants W. R. Cook, F. E. Stangland and Perry A. South, constituting the county court of Jefferson County, to defendants Eugene H. Cook and Helen Cook; and for an accounting for rentals and profits received from said real property. A judgment and decree being entered setting aside and canceling said deed, an accounting was thereafter had and a judgment rendered in favor of Jefferson County against defendants W. R. Cook, Eugene H. Cook and Helen Cook in the sum of $649.21. In the trial court's final judgment and decree it is ordered that no costs or disbursements be allowed to any party to this suit. From said judgment and decree rendered upon said accounting, plaintiff appeals.

KELLY, J.

On the 4th day of December, 1940, the county court of Jefferson County executed the deed in suit wherein Jefferson County sold and conveyed to defendants, Eugene H. Cook and Helen Cook, his wife, all of lots 11, 14, 15 and 16, block 2, tract S. addition to the town of Palmain, now Madras, situate in Madras, Jefferson County, Oregon.

Plaintiff instituted this suit to set aside said deed alleging fraud in its procurement on the part of defendants Cook. Upon hearing the testimony upon the question of the alleged fraud, the trial court on December 30, 1944, made and entered findings of fact conformable to the allegations of plaintiff's complaint, to the effect that, while the deed in suit names the son and daughter-in-law of defendant W. R. Cook as grantees, actually said W. R. Cook was the purchaser from the county, and at that time was county judge; and the trial court, *inter alia,* found as a conclusion of law that such a sale was constructively fraudulent. Based upon the trial court's findings of fact and conclusions of law, said court thereupon rendered a judgment and decree declaring said deed void and setting the same aside.

In said decree of the trial court it is further ordered and decreed that within thirty days from the date thereof, defendants Cook should file with the clerk of the court a complete accounting of rents, issues and profits, received by them from said real property, from December 4, 1940; and that defendant Jefferson County and the plaintiff should have ten days from the filing of said account by defendants Cook in which to file objections and exceptions thereto.

Defendants Cook complied with said order by filing an account itemizing the same and giving the dates

respectively of each item. To this statement of account plaintiff filed objections.

On July 10, 1945, a hearing was had upon the issues joined by defendants' statement of account and plaintiff's objections thereto. On July 31, 1945, the trial court made and rendered findings of fact and conclusions of law upon said accounting and based thereon entered a decree that defendant, Jefferson County, have judgment against defendants Cook in the sum of $649.21; and said trial court further ordered and decreed that no costs or disbursements should be allowed to any party to this suit.

From this final decree plaintiff appeals and presents four assignments of error.

Plaintiff's first assignment charges that the trial court erred in allowing the accountant any credit for alleged disbursements and expenses, except the allowance for taxes paid Jefferson County, and the payment in the amount of $400.00 to Jefferson County for the real property in suit.

The basis of this assignment of error is the failure of defendant W. R. Cook to produce vouchers, receipts or other corroborative evidence in proof of his payment of expenses and disbursements. It is also noted that at one point in his testimony defendant W. R. Cook, after stating that he had a record showing credits and charges, was asked by plaintiff's counsel, "Can you bring it into court?" Whereupon, he answered, "No, I don't know as I will".

In support of plaintiff's argument, that in the absence of corroboration of defendants' testimony no credit should be given, plaintiff cites 55 C. J. p. 935, Sec. 850 and *Villa Site Co. v. Copeland,* 91 N. J. Eq. 503, 111

Atl. 39, 13 A. L. R. 356, 363. The first of these citations is evidently intended for 65 C. J. p. 935, sec. 850.

Besides the case of *Villa Site Co. v. Copeland,* supra, the following cases are cited in said foot note No. 55 of said section 850; *In re Schuster's Estate,* 35 Ariz. 457, 281 P. 38; *Smith v. Robinson,* 83 N. J. Eq. 384, 90 A. 1063; *Willis v. Clymer,* 66 N. J. Eq. 284, 57 A. 803; *Dufford's Ex'r. v. Smith,* 46 N. J. Eq. 216, 18 A. 1052; *Matter of Quinn's Estate,* 40 N. Y. S. 732, 16 Misc. 651, 25 N. Y. Civ. Proc. 240, 1 Gibb. Surr. 412; *Harris v. Silvis,* 86 Pa. Super 222; *In re Bockius' Estate,* 10 Pa. Co. Ct. R. 183; and *Dennis v. Dennis,* 15 Md. 73.

■ These cases deal with express trusts. The instant case presents an implied or constructive trust superimposed upon the transaction by operation of law as a matter of equity, independently of the particular intention of the parties.

The Villa Site Co.-Copeland case, cited by plaintiff, holds that the claimed credits were not recoverable, because they were not authorized by the instrument of trust.

Each of the other cases cited in note 55 of section 850 of 65 C. J. at page 935 is distinguishable from the case at bar.

As to the expressed doubt of defendant W. R. Cook about bringing his account book into court, immediately after he had answered plaintiff's attorney, as above stated, upon being further questioned about it, he said, "I will bring it in if the court orders it."

We think that the learned trial judge did not err as charged in plaintiff's first assignment of error.

■■ In the absence of any direction as to the items for which a trustee may claim credit, all expenses reasonably necessary for the security, protection and

preservation of the trust property are properly allowable as credits. 3 Pomeroy Equity Jurisprudence, Sec. 1085, cited in *Villa Site Co. v. Copeland*, supra.

The second assignment of error is to the effect that the trial court should not have allowed defendant W. R. Cook credit of $12.00 for wiring building and material, or $3.00 alleged to have been credited to E. R. Crowley for wiring building and labor.

■ ˙It is argued in support of this assignment of error that, because neither defendant W. R. Cook nor E. R. Crowley was a licensed journeyman electrician under the terms and provisions of section 112-612, O. C. L. A., these items should not have been credited.

Section 112-619, O. C. L. A., is as follows:

"No person or persons carrying on, conducting or transacting business as aforesaid shall hereafter be entitled to maintain any suit or action in any of the courts of this state in respect of such business or of work done in connection therewith, without alleging and proving that such person or persons were duly licensed at the time of performing such work as provided for in this act." Vol. 8, O. C. L. A. p. 479.

The appearance of these items, one in favor of defendant W. R. Cook, the other in favor of E. R. Crowley, in the account in suit does not disclose that either of these men were carrying on, conducting or transacting the business referred to, namely, the business of installing wires or equipment. It appears that it was in the nature of a single job of bringing and installing wires on their own premises. Section 112-616, O. C. L. A.

■ Moreover, this is not a suit to recover judgment for the items named, but an accounting ordered by the

court to determine what credits should be accorded to defendants Cook as offsets upon the amount of rent received while they were in possession of the property in suit and it evidently appeared to the trial court that these items were reasonably necessary for the security, protection and preservation of the property.

Let it be noted here that upon questioning by the court, it was elicited that the expenditure for wiring building and material was listed in the sum of $12.64, while the credit allowed was but $12.00.

In allowing defendants Cook credit for these two items pertaining to electrical wiring and material, we think that the court committed no error except as last above noted, which gave said defendants credit for 64 cents less than should have been accorded them.

■ Assignment No. 3 alleges that the court erred in allowing credit for the recordation of the deed which was held to have been fraudulently procured, and for the recording of which the sum of $1.00 was credited.

´ We are of the opinion that this credit should not have been given; but in view of the palpable 64 cent error just noted, we are not warranted in modifying the award made by the trial court. *"De minimis non curat lex."*

■ The fourth assignment of error based upon the refusal to award plaintiff judgment for his costs and disbursements presents the question whether there was an abuse of judicial discretion by the trial court in that respect.

The plaintiff instituted this suit to set aside the deed executed by Jefferson County on the ground that its execution had been fraudulently induced. The trial court sustained plaintiff, set aside the deed and ordered an accounting. The result was that Jefferson County

was awarded a judgment against defendants Cook in the sum of $649.21. We find nothing in this record, which, in our opinion, should have denied to plaintiff a recovery of his costs and disbursements. On the other hand, his vigilence and efforts exposed an attempt to defraud Jefferson County and restored the fruits of that attempt to the county. We think plaintiff should not be required to bear the costs and disbursements he thereby incurred.

The final decree of the trial court is modified by substituting for the final paragraph of such decree, the following:

It is further ordered and decreed that plaintiff have and recover judgment against defendants W. R., Eugene H. and Helen Cook for plaintiff's costs and disbursements herein; and otherwise than this, no costs or disbursements be allowed to any party to this suit.

The judgment and decree of the circuit court is modified as above stated and as thus modified said judgment and decree is affirmed and plaintiff is awarded judgment for his costs and disbursements on this appeal.