206 Or. 298 (1956)
292 P.2d 492
FARMERS MUTUAL INSURANCE CO.
v.
UNITED PACIFIC INSURANCE CO.
Supreme Court of Oregon.
Argued January 11, 1956.
Affirmed January 25, 1956.
*299 Charles S. Crookham, Portland, argued the cause for appellant. With him on the brief were Vergeer & Samuels, Portland.
Wayne A. Williamson, Portland, argued the cause for respondent. With him on the brief were Mautz, Souther, Spaulding, Denecke & Kinsey, Portland, and James B. O'Hanlon, Portland.
Before WARNER, Chief Justice, and ROSSMAN, LATOURETTE, and PERRY, Justices.
AFFIRMED.
PERRY, J.
This is a suit for contribution. The plaintiff Farmers Mutual Insurance Company issued its policy of automobile insurance to one Rudolph F. Moltz, an employee of the Don Meurs Logging Company, upon a one-half ton Ford truck used by Moltz solely for his convenience in going to and from his employment, and not as an accessory for the use of his employer.
On June 13, 1951, the Don Meurs Logging Company, while engaged in its logging activities, needed additional chokers in its work, and asked Mrs. Rena V. Meurs, the wife of Donald Meurs, to drive to Portland to secure this equipment. Mr. Moltz volunteered the use of his motor vehicle for the purpose of this errand, *300 and the parties agree that no cash or other consideration was to be paid Moltz for the use of the truck. While in Portland, Mrs. Meurs was involved in an accident, and the plaintiff as a result of this accident was required to pay the sum of $2,000.
At the time of the accident the defendant had in full force and effect its motor vehicle insurance policy insuring the Don Meurs Logging Company for liability for bodily injury and property damage caused in the operation of a Mack log truck and a Paige & Paige log trailer. Attached to the policy as a part thereof were the following endorsements:
"HIRED AUTOMOBILE ENDORSEMENT
"It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability and for Property Damage Liability applies with respect to hired automobiles, subject to the following provisions:
"1. Definitions. The words `hired automobile' shall mean a land motor vehicle, trailer or semi-trailer used under contract in behalf of the named insured provided such automobile is not owned in full or in part by or registered in the name of (a) the named insured or (b) an executive officer or partner thereof or (c) an employee or agent of the named insured who is granted an operating allowance of any sort for the use of such automobile. The word `automobile' whenever used in the policy, with respect to the insurance afforded under this endorsement, shall include `hired automobile.'
"2. Application of Insurance.
"(a) The Definition of `Insured' agreement of the policy applies to the insurance afforded under this endorsement except to *301 the owner of the automobile or any employee of such owner.
"(b) The insurance applies to the maintenance or use, for the purposes stated in the schedule forming a part hereof, of any hired automobile.
"3. Premium. The premium basis for this insurance is cost of hire. The premium stated in the declarations is an estimated premium only. Upon termination of the policy the earned premium for this insurance shall be computed in accordance with the company's rules, rates, rating plans, premiums and minimum premiums applicable to this insurance. If the earned premium thus computed exceeds the estimated advance premium paid for this insurance, the named insured shall pay the excess to the company; if less, the company shall return to the named insured the unearned portion paid by such insured. When used as a premium basis the words `cost of hire' shall mean the amount incurred for hired automobiles, including remuneration of the named insured's chauffeurs employed in the operation of such automobiles. The named insured shall maintain records of the information necessary for premium computation on the basis stated in the schedule, and shall send copies of such records to the company at the end of the policy period and at such times during the policy period as the company may direct.
"4. Inspection and Audit. The company shall be permitted to inspect the insured automobiles and to examine and audit the insured's books and records at any time during the policy period and any extension thereof and within one year after the final termination of the policy, as far as they relate to

*302
"
============================================================================
 Locations Rates per $100
 Where Cost of Hire
 Automobiles _____________________
 Will Be Estimated Bodily Property
 Principally Purposes Cost of Injury Damage
 Types Hired Used of Use Hire Liability Liability
----------------------------------------------------------------------------
NONE
CONTEMPLATED;
IF ANY, AT: .53 .63
----------------------------------------------------------------------------
============================================================================
 Advance Premiums
 ________________________
 Bodily Property
 Injury Damage
 Types Hired Liability Liability
----------------------------------------------------------------------------
NONE
CONTEMPLATED;
IF ANY, AT: 2.67 1.10
----------------------------------------------------------------------------
Minimum Premiums:
Bodily Injury $
Property Damage $ SEE ENDORSEMENT #2
 Total Advance Premiums $2.67 $1.10
============================================================================

*303 the premium basis or the subject matter of this insurance.
"All terms and conditions of the policy to which this endorsement is attached remain unchanged except as herein specifically provided.
* * * * *
"ENDORSEMENT NO. 1
"AMENDMENT TO HIRED AUTOMOBILE
"The Hired Automobile Endorsement attached to the policy to which this endorsement is attached is hereby amended so as to provide as follows:
"In consideration of the representation made by the named Insured that he does not contemplate the hiring of automobiles or trailers during the term of the policy to which this endorsement is attached, the advance premium for the `Hired Automobile Endorsement' shall be 5% of the Bodily Injury Liability and Property Damage Liability and premium for highest rated automobile, covered by the policy or the sum of $5.28 for Bodily Injury Liability and $1.10 for Property Damage Liability, whichever may be lesser.
"If no expense is incurred by the named Insured during the policy period for the hire of automobiles or trailers, the minimum premium for the `Hired Automobile Endorsement' shall be the advance premium as determined above. If the named Insured has incurred any expense, regardless of amount, for the cost of hire of automobiles or trailers during the policy period, the minimum premium shall be $5.28 for Bodily Injury Liability and $1.10 for Property Damage Liability. All advance and minimum premiums shall be increased by excess limits charges.
"All terms and conditions of the policy to which this endorsement is attached remain unchanged except as herein specifically provided.
* * * * *
"ENDORSEMENT No. 2"
*304 The plaintiff contends that these hired automobile endorsements include the use of the Ford truck driven by Mrs. Meurs at the time of the accident, and, as a result, the defendant is required to share proportionately in the loss.
The trial court found for the defendant and the plaintiff has appealed.
It is the contention of the plaintiff that the defendant in defining the words "hired automobile" as a motor vehicle "used under contract," included therein any motor vehicle used in the furtherance of the insured's business, whether compensation for its use was to be paid or not. The plaintiff arrives at this conclusion by reasoning that even the gratuitous use of a motor vehicle by an assured of the defendant under such an endorsement creates a bailment, which is in effect a contract.
There is considerable controversy between courts and text writers as to whether or not a gratuitous bailment may be considered truly as a contract, because of the lack of consideration, that necessary element of contracts. Brown on Personal Property, 225, Bailments, ch X § 73; 4 Williston on Contracts, 2902, § 1039.
However, it is not necessary for us to enter into that controversy in this case, but only to determine whether or not it was the intention of the defendant and its assured, by using the words "used under contract" in the "Hired Automobile Endorsement," to include those bailments gratuitous to the bailee, or only those which were lucrative to a bailor.
1-4. In the case of Clark Motor Co. v. United Pac. Ins. Co., 172 Or 145, 149, 139 P2d 570, this court stated:
"* * * An insurance policy, like any other contract, is to be construed in accordance with *305 the intention of the parties, which is to be ascertained from the entire agreement. The policy must be viewed by its four corners. All parts and clauses must be construed to determine if and how far one clause is modified, limited, or controlled by others: 29 Am. Jur. 176, § 160. Any reasonable doubt as to the meaning of the policy must be resolved in favor of the insured: Nugent v. Union Automobile Insurance Co., 140 Or. 61, 13 P.(2d) 343; Rossier v. Union Automobile Insurance Co., 134 Or. 211, 291 P. 498; Zurich Ins. Co. v. Carlton & C.R. Co., 133 Or. 398, 291 P. 349; Zimmerman v. Union Automobile Insurance Co., 133 Or. 600, 291 P. 495."
As stated in the above-cited case, "reasonable doubt as to the meaning of a policy must be resolved in favor of the insured," but in the endorsements before us, viewing them in their entirety, there can be no reasonable doubt as to the type of contract referred to in the defining clause. The premium to be paid for this coverage, if used, is "cost of hire," and there is included in "cost of hire" the amount incurred as "remuneration of the named insured's chauffeurs employed in the operation of such automobiles." Also, there is provided authority for the insurer to inspect the records of the assured for the purposes of determining and verifying these expenses.
Endorsement No. 2, providing for a minimum premium in either of two events, specifically refers to the expense incurred by the assured in the hire of automobiles.
5. It is clear, the word "hire" preceded by the words "cost of" as used in the endorsements can only signify the use of a motor vehicle for monetary recompense, or consideration to the bailor. Therefore, we can reach but one conclusion; that is, the word "contract" as *306 used in the policy refers to contracts based upon a monetary consideration.
The views above expressed make it unnecessary for us to consider the manner of applying a ratio of contribution between the parties, or attorneys' fees under ORS 736.325.
The decree of the trial court is affirmed.