Argued December 6, 1973, reversed and remanded
January 31, 1974

# STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Respondent*, *v.* CLINTON, *Appellant.*

518 P2d 645

*Stephen D. Brown,* Eugene, argued the cause for appellant. On the brief with him were Gildea & McGavic, P.C., Eugene.

*Jack L. Mattison,* Eugene, argued the cause for respondent. On the brief were Jaqua & Wheatley and William G. Wheatley, Eugene.

TONGUE, J.

This is an action by an insurance company to recover $837.48 paid by it to reimburse defendant for medical expenses under the terms of an automobile accident insurance policy issued by it to defendant, following an automobile accident in which defendant was injured.

Defendant filed an action to recover for the injuries sustained by him, including the medical expenses incurred as a result of that accident. That action was settled for $16,500.

By the terms of the insurance policy, plaintiff insurance company was subrogated to defendant's claim and to the amounts recovered as a result of that claim to the extent of the amount previously paid by plaintiff to defendant for medical expenses.

Defendant tendered to plaintiff the sum of $516.73, representing the $837.48 paid by plaintiff to defendant for medical expenses, less the sum of $320.75. Defendant contended that this amount represented the plaintiff's pro rata share of the attorney fees and litigation expenses incurred by defendant in recovering the settlement of his claim, applied to the sum of $837.48 as previously paid to defendant by plaintiff, subject to its right of subrogation.[1]

Plaintiff refused to accept that tender and demanded payment of the full amount of $837.48, which defendant refused to pay. Plaintiff then filed this action, which was tried by the court without a jury. Defendant appeals from a judgment for the full amount of $837.48.

Defendant contends that he is entitled to deduct from that amount the pro rata share of the attorney fees and other expenses incurred by him in recovering that sum of money. Plaintiff contends that (1) it has no liability for attorney fees as expenses incurred by

---

[1] The amount of this deduction was computed as follows: The total expenses incurred by the insured in settling his case totaled the sum of $6,317.50, including both attorney fees and other expenses. This amounted to 38.29 per cent of his recovery ($16,500). The insured offered to reimburse plaintiff for the amount advanced by plaintiff ($837.40) less 38.29 per cent ($320.67) of that sum. Because the method of computing the share of recovery costs to be charged to the insurance company is not in issue on this appeal, we do not consider the relative merits of this and other possible methods of allocation. See generally, Keeton, Insurance Law—Basic Text (1971) 166-67, § 3.10 (c).

defendant in the absence of an express or implied contract for the payment of such fees and expenses, and that, in any event, (2) the provisions of this insurance policy require that defendant bear his own litigation expenses, including attorney fees.

1. *In the absence of an agreement to the contrary, an insured who recovers funds to which an insurance company has a right of subrogation is entitled to deduct attorney fees and other expenses reasonably and necessarily incurred in making such a recovery.*

This insurance policy includes a "trust agreement" under which it is provided, among other things, that the insured "shall hold in trust for the benefit of the company all rights of recovery which he shall have * * * because of damages which are the subject of claim made under the coverage" and that he "shall do whatever is proper to secure * * * such rights."

■ Plaintiff cites cases in support of the rule that for a party to be charged with attorney fees, the party must have had an express or implied contract with the attorney. Notwithstanding that rule, it is an "elementary" rule of the law of trusts that "a trustee is allowed credit for the reasonable and necessary expenses of carrying on the trust." Bogert on Trusts (3d ed 1952) 547, § 143. To the same effect, see *Wemme v. First Church of Christ, Etc.*, 110 Or 179, 213, 219 P 618, 223 P 250 (1924); *Weber v. Jefferson County*, 178 Or 245, 249, 166 P2d 476 (1946); *Hofen v. U.S. National Bank et al*, 215 Or 603, 608, 335 P2d 86 (1959); Annot., 49 ALR 1149, 1150, 1180 (1927); and Annot., 107 ALR 749, 750 (1937). See also *Re Faling Estate*, 113 Or 6, 20-33, 228 P 821, 231 P 148 (1924).

Plaintiff says that this rule applies only to an "on-

going trust," but cites no authority in support of such a limitation.

■ It is also a well-established rule in Oregon that an attorney whose efforts result in the recovery of a fund payable to various persons is entitled to payment of reasonable attorney fees from that fund. *Ford v. Gilbert,* 44 Or 259, 262, 75 P 138 (1904); *Upham et al v. Bramwell,* 105 Or 597, 615-16, 627, 209 P 100, 210 P 706 (1922); *Kinney v. Uglow,* 163 Or 539, 584, 98 P2d 1006 (1940); and *State Land Board v. Sovenko et al,* 202 Or 571, 575, 277 P2d 781 (1954).

As stated by this court in *Kinney v. Uglow, supra* at 584, quoting with approval from Annot., 107 ALR 750, *supra*:

> " 'The later cases support the general rule stated in the original annotation, that it is proper for a court exercising equitable jurisdiction to make an allowance of a reasonable fee out of the fund or property created or preserved, for an attorney representing a party who, at his own expense, has maintained a suit for the recovery, preservation, protection, or increase of a common fund or common property, or has created or brought into court a fund which others are entitled to share.' "

To the same effect, see *State Land Board v. Sovenko et al, supra* at 575.

Courts of other states have held in cases such as this, and in the absence of an agreement to the contrary, that an insured who is successful in the recovery of funds which include money payable by the insured to an insurance company is entitled to deduct attorney fees and other expenses reasonably and necessarily incurred in making such a recovery from the amount payable to the insurance company. See

*United Services Automobile Association v. Hills,* 172
Neb 128, 109 NW2d 174, 177, 2 ALR3d 1422 (1961);
*State Farm Mutual Automobile Ins. Co. v. Elkins,* 451
SW2d 528, 531 (Tex Civ App 1970); *Metropolitan Life
Insurance Company v. Ritz,* 70 Wash 2d 317, 422 P2d
780 (1967); *Commercial Stand. Ins. Co. of Ft. Worth,
Tex. v. Combs,* 249 Ark 533, 460 SW2d 770 (1970);
and *National Union Fire Insurance Company v. Grimes,*
278 Minn 45, 153 NW2d 152, 156 (1967). See also *West
v. State Farm Mutual Automobile Insurance Co.,* 30
Cal App 3d 562, 106 Cal Rptr 486, 488 (1973); Annot.,
2 ALR3d 1441 (1965); and Keeton, Insurance Law—
Basic Text (1971) 166, § 3.10 (c).

■ While we recognize that plaintiff has cited deci-
sions by other courts holding to the contrary,[2] we
believe that the holding of these cases is more con-
sistent with our previous decisions and therefore adopt
that rule for application in such cases, in the absence
of an agreement to the contrary between the insured
and the insurance company, as set forth by the terms
of the insurance policy.

2. *The provisions of this insurance policy do not
clearly provide that the insured may not deduct
expenses incurred in the recovery of funds payable
to the insurance company, but are ambiguous on
that subject, and that ambiguity must be resolved
against the insurance company.*

---

[2] Cases cited by plaintiff include Illinois Automobile Ins.
Exch. v. Braun, 280 Pa 550, 124 A 691 (1924); Commercial Union
Ins. Co. v. Scott, 116 Ga App 633, 158 SE2d 295 (1967); and also
Courtney v. Birdsong, 246 Ark 162, 437 SW2d 238 (1969); John
Wanamaker, New York, Inc. v. Otis Elevator Co., 228 NY 192, 126
NE 718 (1920); Pontiac Mutual County Fire and Lightning Ins.
Co. v. Sheibley, 279 Ill 118, 116 NE 644 (1917); Cary v. Phoenix
Ins. Co., 83 Conn 690, 78 A 426 (Sup Ct Err 1910).

Plaintiff contends that under the provisions of this insurance policy it is subrogated "to the extent of such payment to the proceeds of any settlement" and that this gives it the right to payment in full for the total amount paid by it to defendant for medical expenses.[9] In support of that contention plaintiff points out that the policy also expressly provides that "the insured shall not, except at his own cost, voluntarily make any payment, * * * assume any obligation or incur any expense * * *," and that in the event that insured, at the written request of company, brought an

---

[9] The relevant portions of the insurance contract's "policy conditions" are as follows:

"4. *Subrogation.* * * *

"Upon payment under coverages C * * * the company shall be subrogated *to the extent of such payment to the proceeds of any settlement* or judgment that may result from the exercise of any rights or recovery which the injured person * * * may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights.

"5. *Trust Agreement.* * * * In the event of payment to any person under coverage C * * *:

"(a) the company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made;

"(b) *such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person* or organization because of the damages which are the subject of claim made under the coverages;

"(c) *such person shall do whatever is proper to secure* and shall do nothing after loss to prejudice *such rights;*

"(d) if requested in writing by the company, such person shall take, through any representative designated by the company, such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person; *in the event of a recovery, the company shall be reim-*

action to recover such payments from some other person, the policy provides that the company be reimbursed out of such recovery for expenses, costs and attorney fees.

As we read the provisions of the insurance policy, however, it is nowhere provided in clear and unambiguous language that in the event that the insured files an action for damages against some third person to recover such medical expenses for the benefit of the company he may not demand reimbursement for expenses and attorney fees reasonably and necessarily incurred by him in such an action. The provision last referred to by plaintiff relates only to reimbursement to the company for expenses and attorney fees "incurred by it" in such an action.

In addition, because the policy provides that the insured "*shall* do whatever is proper" to secure recovery from other persons of the amounts expended by the insured for medical payments for which he has been paid by the company, it is hardly realistic to

_bursed out of such recovery for expenses, costs and attorneys' fees incurred by it_ in connection therewith;

"(e) such person shall execute and deliver to the company such instruments and papers as may be appropriate to secure the rights and obligations of such person and the company established by this provision." (Emphasis added)

The obligations of defendant are further controlled by section 3:

"3. *Assistance and Cooperation of the Insured.* The insured shall cooperate with the company and, upon its request, attend hearings and trials, assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of any legal proceedings in connection with the subject matter of this insurance. *The insured shall not, except at his own cost, voluntarily make any payment,* assume any obligation or incur any expense other than for such first aid to others as shall be imperative at the time of the accident." (Emphasis added)

believe that the insured can be expected to undertake legal proceedings, if necessary to secure such a recovery, without incurring attorney fees or other expenses for that purpose.

■ Neither is it realistic, in view of this obligation as imposed by the policy upon the insured, to regard any such expenses as expenses incurred by him *"voluntarily,"* so as to come within the provision to the effect that payments or obligations "voluntarily" made by him must be "at his own cost." Indeed, it is just as reasonable to contend that expenses and obligations incurred by the insured in the performance of his obligation to recover the amount paid as medical expenses, for the benefit of the insurance company, are not incurred "voluntarily" and thus were not intended to be "at his own cost," but were intended to be subject to reimbursement from the funds recovered.

For these reasons, we do not believe that the provision of the policy that "the company shall be subrogated to the extent of such payments to the proceeds of any settlement or judgment," is an unambiguous statement of the intent of both the company and the insured to the effect that the total *gross* proceeds of any settlement or judgment must be paid to the insurance company without any offset or deductions whatever. On the contrary, after a study of these provisions of the insurance policy, we believe that they are ambiguous as they relate to this question and that they are reasonably subject to interpretation to the effect that in the performance of the duty of the insured as a trustee to make such a recovery for the benefit of the company he is not precluded from claiming reimbursement for attorney fees and other expenses reasonably and necessarily incurred in the performance of that duty.

■ We have previously held that ambiguous provisions in insurance policies are to be construed most strictly against the insurance company and in favor of the insured. See *Farmers Mut. Ins. Co. v. Un. Pac. Ins.*, 206 Or 298, 305, 292 P2d 492 (1956). See also *Chalmers v. Oregon Auto Ins. Co.*, 262 Or 504, 509, 500 P2d 258 (1972).

■ Applying that rule to the provisions of this insurance policy, we hold that its provisions are ambiguous insofar as they relate to the question whether the insured, in the performance of his duty as a trustee to make a recovery of funds payable to the insurance company, is entitled to reimbursement for attorney fees and other expenses reasonably and necessarily incurred in making such a recovery. Upon construing that ambiguity against the insurance company and in favor of the insured, we hold that the insured is entitled to reimbursement for such expenses, in accordance with the general rules of law as previously stated.

Other courts have construed similar provisions of insurance policies to the same effect. See *State Farm Mutual Automobile Ins. Co. v. Elkins, supra.* See also *West v. State Farm Mutual Automobile Insurance Co., supra* at 488; and Annot., 2 ALR3d 1441 (1965). We agree with the holding of these courts, although other courts may have held to the contrary, under different policy provisions.[4]

It follows that the trial court erred in entering judgment in favor of the plaintiff for the full amount of the payment by plaintiff to defendant for medical expenses. Accordingly, this case is remanded to the trial court for further proceedings consistent with this opinion.

---

[4] See cases cited by plaintiff as listed in note 1.