Argued and submitted January 13, affirmed February 26, 1986

OREGON EDUCATION ASSOCIATION et al,
*Respondents,*

*v.*

PAULUS* et al,
*Defendants,*
BENDL et al,
*Appellants.*

(152580; CA A36476)

714 P2d 1066

Ronald A. Johnston, Portland, argued the cause for appellants. With him on the brief was Reynolds & Johnston, Portland.

Henry H. Drummonds, Portland, argued the cause for

Barbara Roberts elected Secretary of State effective January 7, 1985.

respondents Oregon Education Association, Sandy Ellis and Robert Cornell. With him on the brief were Paul B. Gamson, Barbara J. Diamond and Kulongoski, Durham, Drummonds & Colombo, Portland. Charlene Sherwood, Portland, joined in the brief on behalf of respondents Oregon Public Employees Union, D. H. Petry and Dave Grenbemer.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendants Bendl and White (defendants) are the chief petitioners on an initiative petition which plaintiffs challenged in a circuit court action. The trial court dismissed the action, and we affirmed the dismissal in *OEA v. Paulus* (A35391), 78 Or App 32, 714 P2d 1060 (1986). The facts necessary for an understanding of the issues here are set out in that opinion, and we do not repeat them. After the trial court's decision on the merits, defendants moved for an award of attorney fees from plaintiffs. Plaintiffs objected, the trial court denied attorney fees and defendants appeal. The dispositive issue is whether defendants may recover attorney fees from plaintiffs under the principles announced in *Deras v. Myers,* 272 Or 47, 535 P2d 541 (1975), *Umrein v. Heimbigner,* 53 Or App 871, 632 P2d 1367 (1981), and related cases.

The plaintiff in *Deras* brought a declaratory judgment action in which he successfully challenged the constitutionality of statutes limiting campaign expenditures. The Supreme Court held that he was entitled to an award of reasonable attorney fees because:

> "It is beyond dispute that [there is an] interest of the public in preservation of the individual liberties guaranteed against governmental infringement of the constitution * * *. * * * [P]laintiff * * * should not be required to bear the entire cost of this litigation the benefits of which flow equally to all members of the public. * * *" 272 Or at 66.

In *Umrein,* we applied the *Deras* principle to plaintiffs who had brought a successful action to compel officers of the city of Beaverton to file and certify initiative petitions. We explained that the action "vindicated a substantive constitutional right of plaintiffs and, in effect, protected the right for others, as well as themselves." 53 Or App at 880.

■ ■ Plaintiffs advance numerous arguments why the *Deras* and *Umrein* principles should not be applied here to enable defendants to recover attorney fees from plaintiffs. We need address only one of them. Plaintiffs' state:

> "The plaintiffs brought this action because they, in good faith, believed that the initiative petition framed by the individual defendants violated the constitutional right of the public to vote on one subject at a time. It is *plaintiffs,* rather

> than defendants, who stand in the posture of a *Deras* * * * plaintiff in this litigation." (Emphasis plaintiffs'.)

We conclude that attorney fees under the *Deras* rule are not recoverable by one private litigant against another—as distinct from a governmental body—in an action when the private litigant from whom the fees are sought is attempting to vindicate what it reasonably believes in good faith to be a valuable public right.

Affirmed.