Argued and submitted May 8, affirmed; motion for sanctions denied June 3, 1992

Robert G. CRUMPTON,
*Respondent,*

*v.*

Barbara ROBERTS
and Don McIntire,
*Defendants,*

*v.*

George CHOBAN
and Thomas P. Dennehy,
*Appellants.*

(90C-11372; CA A67447)

833 P2d 302

Gregory W. Byrne, Portland, argued the cause for appellants. With him on the briefs was Byrne & Barrow, Portland.

Paul B. Gamson, Portland, argued the cause for respondent. With him on the brief were Robert D. Durham, Margaret S. Olney and Bennett & Durham, Portland.

Before Richardson, Presiding Judge, and Rossman and Deits, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff brought this action against the Secretary of State and the chief petitioners of Ballot Measure 5, seeking to have the petitions declared invalid and the measure removed from the 1990 general election ballot. Defendants prevailed on the merits. *Crumpton v. Roberts*, 310 Or 381, 798 P2d 1100 (1990). Defendants Choban and Dennehy (defendants) then sought attorney fees from plaintiff under the rationale of *Deras v. Myers*, 272 Or 47, 535 P2d 541 (1975). The trial court ruled that, under *OEA v. Paulus*, 78 Or App 45, 714 P2d 1066 (1986), attorney fees are not recoverable. Defendants appeal, and we affirm.

We said in *Paulus* that

"attorney fees under the *Deras* rule are not recoverable by one private litigant against another—as distinct from a governmental body—in an action where the private litigant from whom the fees are sought is attempting to vindicate what it reasonably believes in good faith to be a valuable public right." 78 Or App at 48.

Defendants argue that this case is distinguishable, first, because plaintiff made no showing that he acted with the necessary good faith belief. We did not intend by our language to suggest that there has to be an evidentiary showing of good faith. Rather, it is inferable from the circumstances and the nature of the litigation and will be presumed to exist, in the absence of a compelling showing that it does not. The objective of both *Deras v. Myers, supra*, and of the *Paulus* exception to its application, is to promote private involvement in litigation that is designed to advance the public's interest. That objective would be disserved by requiring private litigants to prove the virtue of their motives either to receive fees under *Deras* or to be insulated from fees by *Paulus*.

Defendants also suggest that plaintiff's action was not brought to advance a valuable public right but to prevent the public from voting on a ballot measure. That suggestion simply reflects the obvious fact that the underlying reason for the action is that plaintiff and defendants disagree about a policy issue. That has no bearing on whether either or both of them were acting on the belief that the policies that they sought to advance and that their positions in the litigation

served a valuable public right. Defendants also invite us to reconsider our decision in *OEA v. Paulus, supra*. We adhere to it.

Plaintiff moves for sanctions against defendants and their attorneys under ORAP 1.40 and ORCP 17. He argues that this appeal is "not well grounded in fact, warranted by existing law or by a good faith argument for extension, modification or reversal of existing law." In some respects, that argument mirrors the arguments that defendants make against plaintiff and that we have rejected. In any event, we disagree with plaintiff's argument. Even assuming plaintiff's premise, the appeal raises a point about language in *OEA v. Paulus, supra*, that is sufficiently meritorious for us to take the occasion to clarify the language.

Affirmed; motion for sanctions denied.