On the petition of appellants Utility Reform Project, Colleen O'Neil and Lloyd K. Marbet for attorney fees filed August 31, opinion (154 Or App 702, 962 P2d 744) filed June 24, petition for attorney fees denied December 9, 1998

## CITIZENS' UTILITY BOARD OF OREGON,
an independent nonprofit public corporation,
*Appellant,*

## PUBLIC POWER COUNCIL,
*Intervenor - Appellant,*

*v.*

## PUBLIC UTILITY COMMISSION OF OREGON,
*Respondent,*

## PORTLAND GENERAL ELECTRIC COMPANY,
*Intervenor - Respondent.*

(94C-10372; CA A86940 (Control))

## UTILITY REFORM PROJECT,
Colleen O'Neil and Lloyd K. Marbet,
*Appellants,*

*v.*

## OREGON PUBLIC UTILITY COMMISSION,
*Respondent,*

## PORTLAND GENERAL ELECTRIC CO.,
*Intervenor - Respondent.*

(94C-10417; CA A86973)

## CITIZENS' UTILITY BOARD OF OREGON,
an independent nonprofit public corporation,
*Respondent - Cross-Respondent,*

*v.*

## PUBLIC UTILITY COMMISSION OF OREGON,
*Cross - Appellant,*

## PORTLAND GENERAL ELECTRIC CO.,
*Intervenor-Defendant - Appellant - Cross-Respondent.*

(95C-11300; CA A92935)

UTILITY REFORM PROJECT
and Colleen O'Neil,
*Respondents - Cross-Appellants,*

*v.*

PUBLIC UTILITY COMMISSION OF OREGON,
*Appellant - Cross-Respondent,*

PORTLAND GENERAL ELECTRIC CO.,
*Intervenor-Defendant - Appellant - Cross-Respondent.*

(95C-12542; CA A93400)
(Cases Consolidated)

971 P2d 459

Daniel W. Meek filed the petition for appellants Utility Reform Project, Colleen O'Neil and Lloyd K. Marbet, and respondents - cross-appellants Utility Reform Project and Colleen O'Neil.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Jas. Adams, Assistant Attorney General, filed the response for respondent Public Utility Commission.

John R. Faust and Schwabe, Williamson & Wyatt, P.C., filed the response for intervenor-respondent Portland General Electric Company.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

DEITS, C. J.

## DEITS, C. J.

Petitioners O'Neil, Marbet and Utility Reform Project (collectively petitioners) were among the prevailing parties in *Citizens' Utility Board v. PUC*, 154 Or App 702, 962 P2d 744 (1998), where, in general terms, we agreed with the opponents of a series of Public Utility Commission (PUC) orders regarding the appropriate rate treatment for Portland General Electric's (PGE) retired Trojan facility.[1] Petitioners seek attorney fees on appeal from PUC and PGE. We hold that there is no statutory or other authority for an award of attorney fees, and we deny the petition.

■ The proceedings that gave rise to the appeal were brought under ORS 756.580 *et seq.*, and the appeal itself was pursued under ORS 756.610. There is no provision for an award of attorney fees from any party to any other in those statutes. However, petitioners' claim for attorney fees against PUC is based on ORS 182.090. That statute authorizes attorney fees to be awarded against a state agency in civil cases to which it is a party if, *inter alia*, the court finds that the "agency acted without a reasonable basis in fact or in law." It is inferable from *Market Transport v. Maudlin*, 301 Or 727, 742, 725 P2d 914 (1986), that ORS 182.090 is applicable in a proceeding against PUC such as this one. However, as our opinion on the merits here amply demonstrates, PUC's actions did not lack a reasonable basis in fact or law. Consequently, petitioners are not entitled to recover attorney fees from PUC.

■ As noted, petitioners also seek attorney fees from PGE. Petitioners cite no statutory source for their claimed entitlement to an award of fees against PGE, but rely instead on two "common law doctrines." The first source of entitlement is what they refer to as the "common fund" doctrine that is described in *State Farm Mut. Auto. Ins. v. Clinton*, 267 Or 653, 657, 518 P2d 645 (1974), and cases there cited. The second basis for an award of attorney fees relied on by petitioners is the "substantial benefit" doctrine of *Deras v. Myers*, 272 Or 47, 535 P2d 541 (1975), and related cases.

---

[1] Any additional detail that the reader may seek can be found in our opinion on the merits and does not require description here.

Assuming that the common-law doctrines could have relevance in a case such as this, neither of the doctrines on which petitioners rely can assist them here. As we read the cases that petitioners cite in support of their "common fund" theory, a recovery of attorney fees requires the existence of a fund, *i.e.*, a discrete or definable pool of money, in which persons other than the litigants have an interest, and which is somehow augmented or preserved by the litigation. To illustrate, most of the cases in which the doctrine has been applied involved trusts or estates. *See generally State Land Board v. Sovenko et al*, 202 Or 571, 574-81, 277 P2d 781 (1954). Further, the source from which the attorney fees have been awarded in the cases has generally been the fund itself, or proportionately from the shares of the beneficiaries of the fund. *Id*. at 575. We find nothing in the apposite cases that allows the application of the doctrine that petitioners effectively urge, *i.e.*, that attorney fees are awardable by virtue of a fund that the litigation prevented from existing and are payable by the party that the litigation prevented from coming into possession of a fund.[2]

The *Deras* doctrine also does not assist petitioners. In *OEA v. Paulus*, 78 Or App 45, 48, 714 P2d 1066 (1986), we held that attorney fees under that doctrine

> "are not recoverable by one private litigant against another—as distinct from a governmental body—in an action when the private litigant from whom the fees are sought is attempting to vindicate what it reasonably believes in good faith to be a valuable public right."

That principle is fully applicable here. PGE is a non-governmental litigant, and its argument on the merits was devoted in part to advocating general principles of rate regulation, such as the relationship between rates of the kind it sought and encouraging utilities to replace obsolete facilities. Although we rejected PGE's arguments, given the statutory scheme, there is no basis for concluding PGE *did not regard* its position as being in the public interest. The fact that its

---

[2] Insofar as petitioners might characterize their argument differently from the way we do, we also reject any alternative formulation that would make attorney fees payable *under the "common fund" doctrine* out of PGE's lawfully collected rates that were not at issue in this case.

view of the public interest coincides with what might be in its own interests in this case is not to the contrary.[3]

Petition for attorney fees denied.

---

[3] We need not decide whether attorney fees *could* be recovered under the *Deras* rationale from a private party whose only interest is self-defensive, in a case where other private parties and a governmental or other authoritative entity are also involved because of concerns of a public nature. Our opinion should not be understood as implying an answer to that question.