Argued October 6, affirmed November 14, petition for
rehearing denied December 23, 1975

RIDENOUR ET UX, *Appellants, v.* NATIONWIDE
MUTUAL INSURANCE COMPANY, *Respondent.*

541 P2d 1377

*William A. Babcock,* Springfield, argued the cause for appellants. With him on the briefs were Robert L. Ackerman and Babcock, Ackerman & Hanlon, Springfield.

*John C. Sihler,* Eugene, argued the cause for respondent. With him on the brief were Thwing, Atherly & Butler, Eugene.

DENECKE, J.

This is an action by the insureds of a personal injury protection endorsement to a liability insurance policy. The action is for attorney fees paid by the insureds to their attorney to make a claim against a third party for damages for personal injuries.

The plaintiff, Larry Ridenour, was injured when he was struck by an automobile driven by Rubin. Plaintiffs retained attorneys on a contingent fee. The attorneys presented Ridenour's medical bills to defendant, Nationwide Mutual Insurance Company, which insured plaintiffs. Nationwide paid the bills in full, a total of $785. The attorneys filed suit for plaintiffs and included in their claim the $785 medical expenses. The action was settled for a total of $6,000; however, Rubin's insurer paid Nationwide directly the $785 paid for medical bills. This action is for the pro-rated share of the attorney fees and costs attributable to the $785 recovery made by Nationwide. The case was tried on stipulated facts by the trial court sitting without a jury. The trial court held for Nationwide.

The policy provisions of the endorsement were as

required by ORS 743.825 and 743.830. These provisions have been supplanted by Oregon Laws 1975, ch 784, §§ 6-9; therefore, we will not attempt to decide this case upon an interpretation of the previous law, but upon a more limited basis.

■ Under any conceivable circumstances an insurer who makes a recovery from a third party for moneys paid its insured is only required to pay attorney fees which were "reasonably and necessarily incurred" to make the recovery. Absent an agreement to the contrary, an insurer is only obligated for attorney fees if it is benefited.

*State Farm Mut. Auto. Ins. v. Clinton,* 267 Or 653, 656, 518 P2d 645 (1974), held attorney fees were recoverable for securing reimbursement to the insurer of amounts paid by it under the medical pay provisions of its policy. We assumed in that case the fees were reasonably and necessarily incurred.

■ In *Krause v. State Farm Mutual Automobile Ins. Co.,* 184 Neb 588, 169 NW2d 601 (1969), the insured's attorney recovered moneys paid by the insurer under its collision coverage. The policy provided these were trust funds for the benefit of the insured. In the present case and in *Clinton,* funds coming to the insured for the insurer are regarded as trust funds. In *Krause* the court stated, "The right to an attorney's fee follows as a matter of course, since the services rendered by the attorney are beneficial to the administration of the trust and the rights of the beneficiary and as such he is entitled to a proportionate award of an attorney's fee." 184 Neb at 593.

Nationwide did not authorize the attorneys to make a claim for the amount of the medical bill. Nationwide learned such a claim was in the complaint and did not protest.

Nationwide contended that the attorney's services were not necessary to enable Nationwide to recover the amount paid for Ridenour's medical bills. Nationwide so contended because it regarded the case as one of clear liability on Rubin's part as the police report states Rubin ran the red light. In addition, the governing statute, ORS 743.825, provided that disputes between parties in the position of Nationwide and Rubin's insurer shall be decided by arbitration.

■ Whether the services were necessary under these circumstances is a question of fact. The trial court made a general finding for the defendant. Such a general finding for the defendant is treated the same as a general verdict for the defendant; that is, as a finding of all facts in favor of the defendant. ORS 17.431 and 17.435. As outlined above, there was evidence supporting a finding that the attorney's services were not necessary.

Affirmed.