**Albert JENNINGS et al.,**

v.

**NATIONWIDE INSURANCE COMPANY.**

No. 94–242–Appeal.

Supreme Court of Rhode Island.

Jan. 19, 1996.

Mark B. Morse, Providence, for Plaintiffs.

Mark Burnham, Providence, for Defendant.

**OPINION**

WEISBERGER, Chief Justice.

This case comes before us on cross-appeals by the plaintiffs and the defendant from the denial of motions for summary judgment submitted by both parties to a justice of the Superior Court. Both appeals

are interlocutory. This court will take appeals as of right only from final judgments. *DeMaria v. Sabetta,* 121 R.I. 648, 402 A.2d 738 (1979); *Town of Lincoln v. Cournoyer,* 118 R.I. 644, 375 A.2d 410 (1977). The appropriate route to obtain review of an interlocutory order is by petition for certiorari in accordance with Rule 13 of the Supreme Court Rules of Appellate Procedure. Consequently these appeals must be dismissed as interlocutory. However, we shall comment concerning the merits in order to provide guidance to the Superior Court upon remand of these cases.

In addition to the affidavits and exhibits presented to the motion justice, plaintiffs and defendant agreed to a statement of facts. This statement of facts reads as follows:

"1. In 1992 plaintiffs filed a claim against a third party for personal injuries they sustained resulting from a motor vehicle collision occurring on May 30, 1992 in Providence, Rhode Island. The third party was insured through the Allstate Insurance Company.

"2. Plaintiff Albert Jennings sustained injuries to his lower back, neck, and left shoulder. He treated for his injuries from 5/30/92 through 2/8/93 and incurred $5261.00 in medical bills resulting from his injuries.

"3. Plaintiff Janet Jennings sustained injuries to her left upper arm and shoulder. She treated for her injuries from 5/30/92 through 10/15/92 and incurred $3565.00 in medical bills resulting from her injuries.

"4. On March 12, 1993 plaintiff Albert Jennings, through his attorney compromised his claim with Allstate Insurance Company for a total amount of $18,000.00. Of this amount, $6,000.00 was payable in attorneys fees and $14.00 in related expenses.

"5. On March 12, 1993 plaintiff Janet Jennings through her attorney compromised her claim with Allstate Insurance Company for a total amount of $9,000.00. Of this amount, $3,000.00 was payable in attorneys fees and $25.00 in related expenses.

"6. Plaintiffs were insured through the defendant; Nationwide Insurance Company for first party coverage with respect to medical payments to be made in the event of a motor vehicle collision in which they sustained injuries. The policy was issued to Janet Jennings and provided for payments of up to $5,000.00 for each person injured. Janet Jennings paid a premium of $6.70 biannually for the first motor vehicle insured under the policy and $7.10 biannually for the second motor vehicle insured under the policy.

\*    \*    \*    \*    \*    \*

"7. Nationwide Insurance Company paid to the benefit of Albert Jennings $5,085.00 pursuant to the medical payment provisions of the aforesaid insurance policy.

"8. Nationwide Insurance Company paid to the benefit of Janet Jennings $3,465.00 pursuant to the medical payment provisions of the aforesaid insurance policy."

The sole question presented by these appeals is whether an insured party who has received medical payments from a first-party insurer should be entitled to a contribution of expenses for counsel fees if that party obtains by judgment or settlement an award from the third-party tortfeasor of a sum that includes reimbursement for the medical payments.

Nationwide Insurance Company (Nationwide) contends that its subrogation agreement with Albert and Janet Jennings (plaintiffs) absolves it from contributing to the legal expenses incurred by plaintiffs in obtaining a settlement that included the amounts paid to plaintiffs for medical costs incurred. The plaintiffs argue that under our case law they should be entitled to an equitable allocation by way of contribution to the expenses of recovery proportional to the amount recovered on behalf of Nationwide. This court has addressed similar issues in *United States Investment and Development Corp. v. Rhode Island Department of Human Services,* 606 A.2d 1314 (R.I.1992), and *Hospital Service Corporation of Rhode Island v. The Pennsylvania Insurance Co.,* 101 R.I. 708, 227 A.2d 105 (1967). In both cases

we recognize the validity of a contract of subrogation pursuant to which a party, insurer or otherwise, who pays expenses incurred by another may be subrogated to the rights of that person in seeking to achieve a recovery from a third-party tortfeasor. "Subrogation is the 'substitution of one person in the place of another with reference to a lawful claim or right[,]' and 'is a device adopted by equity to compel the ultimate discharge of an obligation by the party who in good conscience ought to pay it.'" *United States Investment and Development Corp.,* 606 A.2d at 1317. We went on in that case to hold that in certain circumstances "[i]t would be inequitable and unjust to require [a subrogor] to incur expenses for the recovery of money which will inure to the benefit of the [subrogee] without allowing [the subrogor] some reimbursement." *Id.* (quoting *Hospital Service Corp.,* 101 R.I. at 716, 227 A.2d at 111).

Nationwide in the case at bar argues that it did not receive any benefit from plaintiffs and their attorney in recovering sums from the third-party tortfeasor. It argues further that it would have been able to recover moneys paid for medical expenses from the insurer for the tortfeasor, Allstate Insurance Company (Allstate), by means of an arbitration arrangement to which both Nationwide and Allstate were parties. Nationwide asserts without contradiction that it had sent two letters to Allstate prior to the achievement of settlement by plaintiffs.

In a similar case in Oregon, *Ridenour v. Nationwide Mutual Insurance Co.,* 273 Or. 514, 541 P.2d 1377 (1975), the court took a position consistent with that taken by our court in the above-cited cases. The Supreme Court of Oregon held that a subrogated insurer is only required to pay attorney's fees that were reasonable and necessarily incurred in order to make the recovery. "Absent an agreement to the contrary, an insurer is only obligated for attorney's fees if it is benefited." *Id.* at 516, 541 P.2d at 1378. We agree that an insurer should contribute to legal expenses only *if it* receives a benefit *from the* settlement obtained through the efforts of the plaintiff's attorney. The motion justice in the Superior Court very prop-

erly responded to these motions for summary judgment by stating that he could not make such a determination on cross-motions for summary judgment and that an evidentiary hearing would be required. With this statement we agree.

In an evidentiary hearing on remand the trier of fact should determine whether and to what extent plaintiffs' attorney's effort benefited Nationwide, and if the answer to that question is in the affirmative, the trier of fact should then determine an equitable proportion of the expenses incurred. This determination need not be controlled by the agreement concerning fees that existed between plaintiffs and their attorney. However, such agreement may be considered. Although on motion for summary judgment Nationwide did not challenge the reasonableness of the attorney's fee, it took the position that it should not be required to pay any fee at all. Consequently on remand the trier of fact should be free to consider whether Nationwide is responsible to contribute toward the counsel fee and, if so, the amount of said contribution.

For the reasons stated, the appeals of the plaintiffs and the defendant are denied and dismissed. The orders appealed from are affirmed. The papers in the case are remanded to the Superior Court for further proceedings consistent with this opinion.