Mario COSTA

v.

PAWTUCKET MUTUAL INSURANCE COMPANY

v.

GENERAL ACCIDENT INSURANCE COMPANY.

No. 95–308–Appeal.

Supreme Court of Rhode Island.

Jan. 13, 1997.

Raymond A. Pacia, Pawtucket.

Dennis S. Baluch, Peter Mathieu, Melody Alger, C. Russell Bengtson, Providence.

## ORDER

This case came before the Supreme Court for oral argument on December 17, 1996 pursuant to an order directing the parties to appear and show cause why this appeal should not be summarily decided. Legal memoranda have been filed and the parties heard, and we conclude that cause has not been shown. The appeal will be summarily decided at this time.

The issue raised by the defendant, Pawtucket Mutual Insurance Company (Pawtucket Mutual), is whether it is entitled to be reimbursed in full for the $705 that it had paid to its insured for medical payments coverage under the automobile policy of insurance with the plaintiff. That insured had been involved in an automobile collision with a third party from whom he recovered $3,000 by settlement after commencing suit against the third party tortfeasor. The defendant insurer, Pawtucket Mutual, contends that it is entitled to be reimbursed the full amount it paid to its insured without permitting plaintiff's counsel, through whose efforts the settlement was procured, to claim a reasonable counsel fee for his successful efforts. A Superior Court trial justice in a declaratory judgment action found that the plaintiff's attorney was entitled to a counsel fee of $225 to be deducted from the $750 being pursued by Pawtucket Mutual. He found that Paw-tucket Mutual had received a benefit from the legal efforts and civil action brought by the plaintiff against the tortfeasor, and pursuant to our previous holding in *Jennings v. Nationwide Insurance Company*, 669 A.2d 534 (R.I.1996) was entitled to a reasonable attorney's fee. We discern no error in the trial justice's finding or conclusion. The defendant's appeal is denied and dismissed, we affirm the judgment of the Superior Court to which we return the papers in this case.

FLANDERS, J., did not participate.