**PIER HOUSE INN, INC.**

v.

**421 CORPORATION, INC.**

No. 95–652–Appeal.

Supreme Court of Rhode Island.

Feb. 24, 1997.

Peter Leach, Providence.

Francis A. Gaschen, Pawtucket.

**ORDER**

This matter came before the Supreme Court on January 24, 1997 pursuant to an order directing both parties to show cause why the issues raised in this appeal should not be summarily decided.  The plaintiff, Pier House Inn, Inc. (plaintiff) appeals from a Superior Court judgment denying its motion to vacate an arbitration award and directing a rehearing by the arbitrator for clarification as to an award for punitive damages on the counterclaim of the defendant, 421 Corporation, Inc. (defendant).  After hearing the arguments of counsel and reviewing their memoranda, we perceive no

cause and, therefore, proceed to decide this matter without further briefing or argument.

We conclude that the final judgment in the arbitration proceeding that is the subject of this appeal will not be in order for entry in the Superior Court until such time as the arbitrator, as directed by the Superior Court trial justice, clarifies whether the award the arbitrator made to the defendant, entitled punitive damages, was intended to be for compensatory or for punitive damages. As recently as last term we reaffirmed the well-settled principle that "[t]his court will take appeals as of right only from final judgments." *Jennings v. Nationwide Insurance Co.*, 669 A.2d 534, 535 (R.I.1996). A petition for certiorari, filed in accordance with Rule 13 of the Supreme Court Rules of Appellate Procedure, is the proper method for reviewing an interlocutory order. *Id.*

Because plaintiff has failed to seek review in accordance with Rule 13 of our Rules of Appellate Procedure, its appeal is denied and dismissed. The papers of the case may be remanded to the Superior Court.