### Paul B. McMAHON

v.

### TWIN WILLOWS, INC., et al.

### No. 97–1–Appeal.

Supreme Court of Rhode Island.

Feb. 18, 1998.

Marifrances K. McGinn, Providence.

Fred L. Mason, Jr., Providence.

### ORDER

This case came before the Supreme Court on January 22, 1998, pursuant to an order directing all parties to appear and show cause why the issues raised by this appeal should not be summarily decided. The defendant, Twin Willows, Inc., (Twin Willows) appeals from an order of the Superior Court denying its motion for relief from an entry of default. After hearing oral argument and examining the memoranda submitted on behalf of the parties, we are of the opinion that cause has not been shown and the issues will be decided at this time.

The plaintiff, Paul B. McMahon (McMahon), allegedly slipped on a patch of ice and fell while attending a social function at the Twin Willows restaurant in Narragansett, Rhode Island on December 24, 1992. As a result of this accident, McMahon sustained injuries that required medical attention. On November 16, 1995, McMahon filed a complaint in Providence County Superior Court seeking to recover damages from the Twin Willows restaurant claiming that its failure to maintain the premise contributed to his injuries. On the next day, a summons and a copy of the complaint were delivered to Twin Willows' attorney, however, Twin Willows failed to file a timely answer.

On December 11, 1995, McMahon's attorney filed an application with the clerk of the Superior Court to obtain an entry of default, which was granted. On February 9, 1996, Twin Willows filed a motion seeking relief from the entry of default. This motion was denied by the trial justice on March 21, 1996, and an order to that effect was entered on April 22, 1996. Twin Willows now appeals claiming that the trial justice erred in refusing to grant its motion for relief from the entry of default.

At this time, we find that Twin Willows' claim of error is not properly before this court. A clerk's entry of default does not constitute a final order and, therefore, the order appealed from in the instant case is interlocutory in nature. *See Providence Gas Company v. Biltmore Hotel Operating Co.* 119 R.I. 108, 111, 376 A.2d 334, 336 (R.I. 1977). This court will not entertain an appeal from an interlocutory order except in those cases where the appeal is legislatively authorized or where the judgment to be reviewed, although in a strict sense interlocutory, has such an element of finality that action is demanded in order to prevent clearly imminent and irreparable injury. *See McAuslan v. McAuslan,* 34 R.I. 462, 472, 83 A. 837, 841 (1912). On the facts before us, we find no exceptional circumstance that

**1336**

would warrant this court's review of the order denying Twin Willows' request for relief.

For these reasons, the defendant's appeal is denied and dismissed without prejudice. The papers in this case are hereby remanded to the Superior Court.

BOURCIER, J., did not participate.