## Michael SATMARY

v.

## Carol SATMARY.

No. 98–73–A.

Supreme Court of Rhode Island.

June 16, 2000.

Alfred Factor.

Jerry L. McIntyre, Providence.

### O R D E R

The plaintiff, Michael Satmary, appeals from a Family Court order granting the defendant's motion to vacate a final judgment of divorce. After a prebriefing conference with counsel for the parties, this case came before the Court at a session in conference pursuant to Rule 12A(3)(b) of the Rules of Appellate Procedure. After reviewing the record and the parties' prebriefing statements, we decide the case at this time without further briefing or argument.

The plaintiff filed a complaint for divorce against the defendant, Carol Satmary, in Kent County Family Court. The defendant filed a counterclaim. On July 1, 1997, an amended Decision Pending Entry

of Final Judgment was entered by the court. In the interim, various motions pending before the court were continued for hearing to September 10, 1997. Prior to the motions being heard, plaintiff's counsel caused a final judgment to be entered without defendant's knowledge. Thereafter, the defendant filed a motion to vacate the final judgment. On November 21, 1997, the motion was granted and the final judgment was vacated. On appeal, the plaintiff contends that the motion justice erred in vacating the final judgment.

We conclude that this appeal is interlocutory. In this case, the plaintiff is appealing from the granting of a motion to vacate judgment. We have stated that we will follow the federal practice, which deems the granting of a motion to vacate judgment to be interlocutory. *See Jackson v. Medical Coaches*, 734 A.2d 502, 504 n. 1 (R.I.1999) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 2871, at 421–27 (1995)). A petition for certiorari, filed in accordance with Rule 13 of the Supreme Court Rules of Appellate Procedure, is the proper method for reviewing an interlocutory order. *Jennings v. Nationwide Insurance Co.*, 669 A.2d 534, 535 (R.I.1996).

Furthermore, this appeal has become moot because the parties have since litigated all pending motions and a final judgment has entered. We will only consider cases involving issues in dispute and will refrain from addressing moot questions. *See In re Amanda*, 626 A.2d 1277, 1278 (R.I.1993) (quoting *Morris v. D'Amario*, 416 A.2d 137, 139 (R.I.1980)).

For the foregoing reasons, this appeal is denied and dismissed.