Kerri D. FOSSA

v.

Richard D. FOSSA.

No. 2004–89–Appeal.

Supreme Court of Rhode Island.

Feb. 25, 2005.

William F. Holt, Esq., Providence, for Plaintiff.

Richard Fossa, Pro Se, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court for oral argument on December 7, 2004, pursuant to an order directing the parties to appear and show cause why the issue(s) raised in this appeal should not be summarily decided. After hearing the arguments and examining the memoranda submitted by the parties, we are of the

opinion that cause has not been shown and that this case should be summarily decided.

The defendant, Richard D. Fossa, acting *pro se*, appealed on January 6, 2004. His notice of appeal simply indicated that he was appealing from the actions taken by the Family Court on December 18, 2003. We infer from defendant's appellate filing that his primary goal in seeking review by us at this time is to challenge the changes of venue between Washington County and Providence County that have occurred in this case.[1]

A hearing was in fact held in this matter on December 18, 2003, at which hearing various subjects were raised by the parties and various rulings were made by the General Magistrate.[2] The order emanating from the hearing on December 18, 2003 (which order was entered on January 13, 2004) makes no reference to the venue issue. In spite of that, defendant has vigorously argued before us that venue should have at all times remained in Washington County, where this case originated.

In view of the silence of the January 13 order with respect to venue, we are of the opinion that we do not have appellate jurisdiction concerning that issue at this time.[3] Article I, Rule 3(c) of the Supreme Court Rules of Appellate Procedure mandates that a notice of appeal should "designate the judgment, order or decree or part thereof appealed therefrom." The only conceivable order that would be properly before this Court would be the order of January 13, 2004. The absence of any reference in that order to a ruling about venue necessarily leads to the conclusion that we lack appellate jurisdiction as to that issue.[4]

In any event, even if the January 13 order did make reference to the venue issue, we would dismiss the appeal on the ground that that issue is interlocutory. *See Martino v. Ronci*, 667 A.2d 287, 288 (R.I.1995). We do not ordinarily entertain appeals from interlocutory orders such as orders changing venue. *See, e.g., McMahon v. Twin Willows, Inc.*, 706 A.2d 1335, 1335 (R.I.1998) (mem.) ("This court will not entertain an appeal from an interlocutory order except in those cases where the appeal is legislatively authorized or where the judgment to be reviewed, although in a strict sense interlocutory, has such an element of finality that action is demanded in

---

1. The underlying subject of contention between the parties appears to revolve primarily around a temporary order concerning custody and visitation rights.

2. It should be noted that defendant filed his notice of appeal on January 6, 2004, even though the order relative to the hearing on December 18, 2003, was not entered until January 13, 2004. The defendant's appeal was therefore technically premature under Article I, Rule 4(a) of the Supreme Court Rules of Appellate Procedure. This Court, however, has held that an appeal filed after an oral decision but before entry of a final judgment may be treated as timely in the interests of justice and to avoid undue hardship. *Russell v. Kalian*, 414 A.2d 462, 464 (R.I.1980); see also *United Lending Corp. v. City of Providence*, 827 A.2d 626, 631n.9 (R.I. 2003). We shall act in accordance with that

principle with respect to the prematurely filed January 6, 2004 notice of appeal.

3. We recognize that at the present time defendant is appearing *pro se*, but that status does not exempt him from the duty of compliance with significant procedural rules. *See, e.g., Berard v. Ryder Student Transportation Services, Inc.*, 767 A.2d 81, 84 (R.I.2001).

4. We wish to express some degree of concern about the manner in which the issue of venue appears to have been treated thus far, and we will closely scrutinize this issue if it should come before us in the future in an appropriate procedural context. Venue is an important (and venerable) aspect of our procedural jurisprudence, and motions concerning venue are not to be treated in a cavalier fashion.

order to prevent clearly imminent and irreparable injury."); *see also D'Angelo v. The Moped Man, Inc.,* 764 A.2d 186, 186 (R.I.2000); *Jennings v. Nationwide Insurance Co.,* 669 A.2d 534, 535 (R.I.1996) ("This Court will take appeals as of right only from final judgments.").[5] We decline to do so at least at this time. We decidedly do not, however, foreclose the possibility of our granting a petition for an extraordinary or prerogative writ if circumstances so warrant in the future.[6]

■ For this reason, the defendant's appeal is denied,[7] and the papers are remanded to the Family Court.[8]

5. The issue of mootness should also be addressed. *After* the present appeal was filed, the defendant again appeared in Family Court in connection with several motions that he had filed. (Those motions consisted of prayers to increase visitation, modify child support, obtain joint custody, adjudge plaintiff in contempt and for other relief.) At that time, however, defendant voluntarily withdrew those motions. An order dismissing those motions was entered in the Family Court on March 15, 2004, and no appeal was ever filed with respect to that order.

Even if an appeal from that order of March 15, 2004 had been filed, such an appeal would have been rendered moot by defendant's own action (*viz.,* his withdrawing the pending motions). *See Associated Builders & Contractors of Rhode Island, Inc. v. City of Providence,* 754 A.2d 89, 90 (R.I.2000) ("This Court has consistently held that a case is moot if the original complaint raised a justiciable controversy, but events occurring after the filing have deprived the litigant of a continuing stake in the controversy."); *see also Foster–Glocester Regional School Committee v. Board of Review,* 854 A.2d 1008, 1013 (R.I. 2004); *In re New England Gas Co.,* 842 A.2d 545, 553–54 (R.I.2004).

6. The issues actually referred to in the order of January 13, 2004 concerned child support and payment for medical expenses, and we consider them to be interlocutory as well. As such, they are not properly the subject of appellate review at this time, and we see no present reason to exercise our certiorari jurisdiction with respect to same.

*See Satmary v. Satmary,* 764 A.2d 185, 186 (R.I.2000) (mem.) ("A petition for certiorari, filed in accordance with Rule 13 of the Supreme Court Rules of Appellate Procedure, is the proper method for reviewing an interlocu-

tory order."); *Jennings v. Nationwide Insurance Co.,* 669 A.2d 534, 535 (R.I.1996) ("The appropriate route to obtain review of an interlocutory order is by petition for certiorari in accordance with Rule 13 of the Supreme Court Rules of Appellate Procedure.").

7. The defendant's allegations in his written and oral submissions to this Court relative to perceived misconduct on the part of attorneys or judicial officers should be directed, if he chooses, to the appropriate agencies and not to this Court in the first instance. We feel obliged to add that we were dismayed to note the apparent lack of candor on the part of plaintiff's counsel at oral argument when certain questions pertaining to defendant's allegations were posed to him by the Court.

8. This case has been pending in the Family Court since October of 2000, and numerous lawyers and judicial officers have been involved with it at one time or another. The degree of apparent unnecessary and unseemly contentiousness (and perhaps "gamesmanship" as well) reflected by the record is disconcerting.

Quite frankly, the travel of this case reminds us of the mythical case of *Jarndyce v. Jarndyce,* which Dickens so devastatingly satirized over 150 years ago in *Bleak House.* He describes that case in pertinent part as follows:

"[*Jarndyce v. Jarndyce* ] drones on. This scarecrow of a suit has, in course of time, become so complicated, that no man alive knows what it means. The parties to it understand it least; but it has been observed that no two Chancery lawyers can talk about it for five minutes, without coming to a total disagreement as to all the premises." Charles Dickens, *Bleak House*

7–8 (George Ford & Sylvère Monod eds., W.W. Norton & Co.1985) (1853).

We wish to emphasize, however, that the Rhode Island court system is *not* the Court of Chancery of the Victorian era, and we are determined to see to it that our cherished system never descends to anything approaching that ignominious level.